## EX PARTE PHŒNIX INSURANCE COMPANY & Others.

ORIGINAL.

Argued March 22, 1886.—Decided March 29, 1886.

Distinct decrees against distinct parties, on distinct causes of action, or on a single cause of action in which there are distinct liabilities, cannot be joined to give this court jurisdiction on appeal.

Rule to show cause why a writ of mandamus should not issue to the judges of the Circuit Court of the United States for the District of Vermont, commanding them to allow an appeal from decrees and rulings made by that court in a suit in equity, in which the petitioners were respondents, and Robert Fitton and Helen M. Fitton his wife were complainants. The relief sought in the bill was the discovery of certain policies of insurance made by the Phœnix Insurance Company, the Guardian Fire and Life Insurance Company, the North British Mercantile Insurance Company, and the Commercial Union Assurance Company through their agent, and that the defendants might be decreed to pay the complainant the sum of

$12,000 insured by the policies, the property insured having been destroyed by fire. Sundry proceedings in the suit were set forth in the petition, among which were that issues of fact were submitted to a jury on the law side of the court and a verdict thereon was had in favor of the complainants; and that thereupon a master found that the damages sustained by complainants were greater than the amount demanded in the bill; and then the petition made the following allegations :

" Thereafter, during the October Term of said Circuit Court, 1885, the complainants in said bill moved for a judgment against each of the respondents for three thousand dollars (being one-fourth of the said sum of twelve thousand dollars), with interest and one fourth of the costs of the suit, which motion, after the parties had been duly heard thereon, was granted by the court in an opinion filed by the aforesaid District Judge, December 29th, 1885, closing with the following decretal order : ' Let a decree for the orators be entered for the payments by the defendants each, respectively, to the oratrix of three thousand dollars, with interest and one-fourth of the costs of suit within thirty days from the entry of the decree.'

" And thereafter, at the same term, to wit, on the twenty-sixth day of January, A. D. 1886, the said Honorable Hoyt H. Wheeler, district judge, presiding, on motion of the complainants in said suit the following final decree was entered :

" ' This cause came on to be further heard at this term, and was argued by counsel, and thereupon, upon consideration thereof, it was ordered, adjudged and decreed that each of said defendants pay to said oratrix the sum of three thousand dollars, with interest thereon from the 29th day of August, A. D. 1883, amounting to the sum of three thousand four hundred and thirty-three dollars and fifty cents ; that each of said defendants pay to said orators one-fourth of the orators' costs in and about this suit, said one-fourth being taxed and allowed at the sum of one hundred and seven dollars and sixty-one cents, said sum due in equity, and said costs, amounting to the sum of three thousand five hundred and forty-one dollars and

eleven cents, and which said sum it is ordered, adjudged, and decreed shall be paid to said orators within thirty days from the twenty-sixth day of January, A. D. 1886, with interest from this last-named date to the time of payment, and thereof the said orators may have execution at the expiration of said thirty days against each of said defendants.'

"Done in court, in said term, this 26th day of January, A.D. 1886.

"HOYT H. WHEELER."

The petition then set forth a motion for allowance of an appeal, and that application was made for stay of proceedings "that the cause may pass to the Supreme Court," and denial of the motion and application upon the ground that "the cause was not appealable."

On the return of the rule a hearing was had.

*Mr. W. S. B. Hopkins* for petitioners.

*Mr. Martin H. Goddard* for respondents. The court declined to hear argument on the part of respondents.

Mr. CHIEF JUSTICE WAITE delivered the opinion of the court.

The rule is well settled that distinct decrees against distinct parties on distinct causes of action, or on a single cause of action in which there are distinct liabilities, cannot be joined to give this court jurisdiction on appeal. *Seaver* v. *Bigelows*, 5 Wall. 208; *Ex parte Baltimore & Ohio Railroad Co.*, 106 U. S. 5; *Schwed* v. *Smith*, 106 U. S. 188; *Farmers' Loan and Trust Co.* v. *Turner*, 106 U. S. 265, 270; *Adams* v. *Crittenden*, 106 U. S. 576; *Hawley* v. *Fairbanks*, 108 U. S. 543; *Fourth National Bank* v. *Stout*, 113 U. S. 684; *Stewart* v. *Dunham*, 115 U. S. 61, 64. This is such a case. The suit was brought on a single instrument, by which, as it was adjudged, an agent of the several insurance companies named bound them severally, each for its proportionate share of one-fourth, to insure the property of Mrs. Helen M. Fitton for $12,000, and the decree is against each company separately for its separate obligation under this instrument, to wit, $3433.50, and no more. The bill alleged the

separate liability of each company, and prayed in substance, for decrees against them severally for the proportion assumed by each in the contract. Each company answered separately, all setting up the same defences.

Under these circumstances it was right for the Circuit Court to refuse the allowance of an appeal, and

*The petition for a mandamus is consequently denied.*