# HOSFORD v. GERMANIA FIRE INSURANCE COMPANY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
DISTRICT OF NEBRASKA.

No. 263. Argued April 26, 27, 1888. — Decided May 14, 1888.

A provision in a policy of fire insurance, that if the interest of the assured in the property is " any other than the entire, unconditional and sole ownership for the use and benefit of the assured," or is " incumbered by any lien, whether by deed of trust, mortgage or otherwise," it must be so represented in the policy, does not, if it is stated that the property is incumbered, require a statement of the nature or amount of the incumbrances.

An application for fire insurance, expressly made a part of the policy and a warranty by the assured, contained these questions and answers: " Is there any incumbrance on the property? Yes. If mortgaged, state the amount. $3000." *Held*, that an omission to state that the property was incumbered otherwise than by mortgage was no breach of the warranty.

A warranty, in a contract of fire insurance, that " smoking is not allowed on the premises," is not, if smoking is then forbidden on the premises, broken by the assured or others afterwards smoking there.

THIS was an action by Hosford and Gagnon on a policy of insurance, dated May 14, 1883, by which the Germania Fire Insurance Company and the Hanover Fire Insurance Company, severally and not jointly, and as if by separate policies, insured the plaintiffs, against loss by fire for a year from that date, each one half of the sum of $8000, payable in sixty days after notice and proof of loss, upon their flour-mill, elevator and machinery in the town of Rulo and State of Nebraska ; " special reference being had to assured application No. 20,157, which is hereby made a part of this policy and a warranty on the part of the assured ; " " loss, if any, payable to Israel May, mortgagee, as his interest may appear." The policy contained these provisions :

" The application, survey, plan or description of the property herein insured shall be considered a part of the contract and a warranty by the assured ; and any false representation

by the assured of the condition, situation or occupancy of the property, or any omission to make known every fact material to the risk, or any overvaluation, or any misrepresentation whatever, either in a written application or otherwise," shall render the policy void.

" If the interest of the assured in the property be any other than the entire, unconditional and sole ownership of the property for the use and benefit of the assured, or be incumbered by any lien, whether by deed of trust, mortgage or otherwise, or if the building insured stands on leased ground, it must be so represented to the companies and so expressed in the written part of this policy; otherwise, this policy shall be void."

The application was of the same date as the policy, and was signed by the assured, and contained a great number of printed questions and written answers, and so much of it as is material to be stated was as follows :

" The applicant will answer particularly the following questions, and sign the same, as descriptive of the premises and forming a part of the contract of insurance and a warranty on his part : "

" What material is used for lubricating or oiling the bearings and machinery ?  Tallow, lard and machine oils.

" Will you agree to use only lard and tallow, or sperm and lard oils for lubricating ?  Lard and tallow, or lard and machine oils.

" Is the machinery regularly oiled, and by whom ?  Yes, by regular attendant.

" Will you agree to keep all the bearings and machinery properly supplied with oil ?  Yes."

" Is smoking or drinking of spirituous liquors allowed on the premises ?  No."

" Is there any incumbrance on the property ?  Yes.

" If mortgaged, state the amount.  $3000."

" The subscriber hereby covenants and agrees to and with the said companies that the same is a just, full and true exposition of all the facts and circumstances in regard to the condition, situation, value and risks of the property to be insured, and said answers are considered the basis on which insurance

is to be effected, and the same is understood as incorporated in and forming a part and parcel of the policy; and further covenants and agrees that if the situation or circumstances affecting the risk shall be so altered or changed during the time of any policy of insurance which may be fixed upon the application, or any renewal of said policy, as to render the risk more hazardous, [he] will notify the officers of said companies, or their general agent, forthwith of such alteration."

The case was tried by a jury, who returned a special verdict, finding the value of the property insured and its loss by fire on August 1, 1883, and so much of the rest of which as is material to be stated was as follows:

" The plaintiffs forbade smoking to go on in the mill, but smoking was done on the grinding floor." " One of them himself smoked upon and in the mill."

" At the time of the application, there was due Israel May on his notes and mortgage on said premises the sum of $3079.45." " There were taxes of the county and State on said premises for several years prior to the issue of the policy, which were delinquent and unpaid, and still remain unpaid, amounting to the sum of $329.40 on May 14, 1883."

On July 2, 1885, the Circuit Court gave judgment for the defendants. The plaintiffs brought the case to this court by writ of error, with a certificate of division of opinion between the Circuit Judge and the District Judge upon the following questions:

" 1st. Whether the plaintiffs or the defendants, insurance companies, are entitled in law to recover judgment on said verdict and special findings of the jury returned in said cause.

. " 2d. Whether the fact that delinquent taxes on the mill, to the amount of $329.40, were due and unpaid at the time the application for insurance on the property destroyed was made, and that fact was not disclosed by the applicants to the insurers, will defeat the plaintiffs' right to recover.

" 3d. Whether the fact that smoking was done in the mill, the proprietor of the mill being one that smoked, notwithstanding the plaintiffs had stated in their application for insurance that smoking was forbid therein, will defeat their

right to recover, the fire that destroyed the property not
having originated from that cause."

*Mr. T. M. Marquett* and *Mr. Isham Reavis* for plaintiffs
in error.

*Mr. Samuel Shellabarger*, (with whom was *Mr. J. M. Wilson*
on the brief,) for defendants in error.

MR. JUSTICE GRAY, after stating the case as above reported,
delivered the opinion of the court.

If this policy is valid, each of the defendants was severally
liable for no more than the sum of $4000, and interest thereon
to the date of the judgment in the Circuit Court. The whole
amount recoverable against either defendant in that court be-
ing less than $5000, this court has no jurisdiction of the case,
except by reason of the certificate of division of opinion. *Ex
parte Phœnix Ins. Co.,* 117 U. S. 367; *Dow* v. *Johnson*, 100
U. S. 158; *Williamsport Bank* v. *Knapp*, 119 U. S. 357. The
first question certified is too general to be answered, because
it undertakes to refer the whole case to the decision of this
court. *Jewell* v. *Knight*, 123 U. S. 426. Nothing is open for
consideration, therefore, but the second and third questions
upon which the opinions of the judges of the Circuit Court
were opposed.

The whole scope of that clause of the policy, which requires
the interest of the assured, if "other than the entire, uncondi-
tional and sole ownership of the property for the use and ben-
efit of the assured," or if "incumbered by any lien, whether
by deed of trust, mortgage or otherwise," to be so represented
by the assured and so expressed in the policy, is to ascertain
whether his interest comes within either of these two descrip-
tions, and not to call for information as to the nature or
amount of any incumbrances. It is therefore fully satisfied
by the statements in the application that there is an incum-
brance on the property, and what the amount of mortgage is,
and by the expression in the policy making the insurance pay-

able to a mortgagee.   *Williams* v. *Roger Williams Ins. Co.,*
107 Mass. 377.

By the terms of this policy, and of the application made
part thereof, the answers to the questions in the application
are doubtless warranties, to be strictly complied with.   But
this court is unanimously of opinion that, so far as regards
either of the matters presented for its decision in the present
case, these answers are direct, full and true.

The only questions put as to incumbrances are, first, the
general one, "Is there any incumbrance on the property?"
which is truly answered, "Yes;" and, second, the particular
one, "If mortgaged, state the amount," in answer to which
the assured states the principal sum due on the mortgage.
The effect of omitting to include the additional sum due for
less than half a year's interest is not presented by the certifi-
cate of division.   The insurers having put no question as to
the nature or the amount of incumbrances, otherwise than by
mortgage, cannot object that no information was given upon
that subject.   *Phœnix Ins. Co.* v. *Raddin,* 120 U. S. 183.
There was, therefore, no breach of warranty in not disclosing
the lien for unpaid taxes, independently of the question whether
such a lien was an incumbrance, within the meaning of this
contract ; and this case does not require a decision of that
question.

As to smoking, the only question put in the application,
and answered in the negative, is whether smoking is "allowed
on the premises " — which looks only to the rule established
upon the subject at the time of the application, and not to
the question whether that rule may be kept or broken in the
future.   This appears by the language of the question, as well
as by the circumstance that it is not, as other interrogatories as
to existing precautions against fire are, followed up by com-
pelling the assured to agree that they will continue to observe
the same precautions.   The jury having found that the assured
forbade smoking in the mill, the mere fact that other persons,
or even one of the assured, did afterwards smoke there, was
not sufficient to avoid the policy.

The two cases, cited by the defendants from the Illinois

Reports, contain no adjudication to the contrary. The point decided in each was that smoking by workmen in the mill did not avoid the policy, and the remark of the judge delivering the opinion, that in such a case the assured undertakes that he will not himself do the act, was *obiter dictum*. *Ins. Co. of North America* v. *McDowell*, 50 Illinois, 120, 131; *Aurora Ins. Co.* v. *Eddy*, 55 Illinois, 213, 219.

> *Judgment reversed, and case remanded to the Circuit Court, with directions to render judgment for the plaintiffs upon the special verdict.*