MISSOURI PAC. RY. CO. v. WESTERN ASSUR. CO.

(Circuit Court, D. Kansas, First Division. April 28, 1904.)

No. 8,152.

1. INSURANCE—CONDITIONS—PROOFS OF LOSS—FILING—TIME.
> A condition in a fire policy requiring proofs of loss to be furnished within 60 days afforded a reasonable time to enable assured to comply therewith.

2. SAME—WAIVER.
> Where a fire policy provided that proofs of loss should be furnished within 60 days from the date of loss, and declared that an extension of such period should be evidenced by a writing attached to or indorsed on the policy, and that the insurer should not be held to have waived any forfeiture provided for in the policy, or any condition thereby imposed on insured by any proceeding on the part of the company relating to appraisal or examination of the property insured, a forfeiture for assured's failure to furnish proofs of loss within the time required, in the absence of such written extension, was not waived by an acknowledgment of notice of loss and the commencement and continuation of negotiations for settlement without requiring proofs to be made.

Waggener, Doster & Orr, for plaintiffs.
Sylvester G. Williams and Osmond & Cole, for defendant.

POLLOCK, District Judge. This is an action at law, brought to recover on a contract of insurance. A copy of the contract relied upon by plaintiff is attached to and made part of the petition. The plaintiff, in its petition, alleges a compliance with all the terms and conditions of this contract requisite on its part to be performed in order to establish its right to a recovery, except that condition of the contract requiring plaintiff to make and furnish proofs of loss. In this respect the petition, by way of pleading an avoidance of the terms and conditions found in the contract with respect to proofs of loss, states:

"Said plaintiff further says that it has performed all the conditions and terms of said contract except the condition therein set out for the making of proofs of loss to said assurance company within sixty days after the

occurrence of the loss which said contract of insurance covers. Said plaintiff was ready to make and did make all proofs of loss required by said defendant company within said period of 60 days, but the further making of said proof was waived by said defendant by the acknowledgment of notice of the occurrence of the loss of said building by fire, and the commencement and continuance of negotiations for a settlement of such loss without the making of further proofs thereof, whereby said plaintiff was led to believe that said defendant did not desire and would not require further proof to be made."

The conditions expressed in the contract relating to proofs of loss and the maintenance of an action upon the policy are as follows:

"If fire occur, the insured shall give immediate notice of any loss thereby in writing to this company, * * * and within sixty days after the fire, unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and origin of the fire; the interest of the insured and of all others in the property; the cash value of each item thereof and the amount of loss thereon; all incumbrances thereon; all other insurance, whether valid or not, covering any of said property; and a copy of all the descriptions and schedules in all policies, any changes in the title, use, occupation, location, possession, or exposures of said property since the issuing of this policy; by whom and for what purposes any building herein described and the several parts thereof were occupied at the time of fire, etc."

"This company shall not be held to have waived any provision or condition of this policy or any forfeiture thereof by any requirement, act, or proceeding on its part relating to the appraisal or to any examination herein provided for; and the loss shall not become payable until sixty days after the notice, ascertainment, estimate, and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers when appraisal has been required."

"No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements nor unless commenced within twelve months next after the fire."

"This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements, or conditions as may be endorsed hereon or added hereto, and no officer, agent, or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement endorsed hereon or added hereto, and as to such provisions and conditions no officer, agent or representative shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached."

In short, the above-quoted provisions of the contract of insurance in this case provides: (1) What "proofs of loss" under the policy shall contain; (2) that such proofs of loss shall be furnished by the assured to the insurer within 60 days from the date of loss, unless this specified period of time is extended; (3) that an extension of such period of time shall be evidenced by writing to that effect; (4) such written extension of time shall be attached to or indorsed upon the contract of insurance; (5) that the company shall not be held to have waived any forfeiture provided for in the policy, or any condition thereby imposed upon the insured by the terms of the policy by any requirement or proceeding on the part of the company relating to any appraisal or examination of the property insured provided for in the

policy; (6) that loss under the policy shall not become payable until 60 days after "proofs of loss" are furnished; (7) that no suit or action shall be brought on the contract of insurance until the assured shall have complied with all the requirements and conditions of the contract precedent on his part to be performed.

The petition of plaintiff, in legal effect, by the plea of waiver, admits (a) that "proofs of loss" were not furnished within 60 days from the date of the fire, as required by the terms of the policy; (b) that no extension of time in which to furnish such proofs of loss was granted by the insurance company or its agents to the assured in writing; (c) that no such "proofs of loss" as are provided for in the contract have been furnished. To this petition the defendant has filed a general demurrer. Can plaintiff recover in this action at law on the contract of insurance under the allegations of its petition? The solution of this problem must depend on the construction of the terms employed in the contract and plaintiff's compliance with such terms and conditions, unless compliance has been waived by the defendant. In regard to the conditions imposed upon the assured to furnish "proofs of loss" as required by the terms of the contract of insurance, it has been held:

"The condition requiring service of proofs of loss is one wholly for the benefit of the insurer. The assured contracts to perform it, and until he does so he has no legal claim against the insurer, and no cause of action. The proofs thus provided for are the legal evidence of the loss. The performance of the condition is not a thing to be done at the request of the insurer. The company may remain silent, and, until proofs are furnished, it cannot be called upon to pay the loss." Armstrong v. The Agricultural Insurance Co., 130 N. Y. 560, 29 N. E. 991.

In Fournier v. German-American Ins. Co., 23 R. I. 36, 49 Atl. 98, it is said:

"The filing of 'proofs of loss,' so called, is a perfectly reasonable condition in order to protect the company from fraud, and covers a great deal more than stating that the loss has occurred and giving the value of the property destroyed. It embraces, among other things, a statement of any changes in the title, use, occupation, location, possession, or exposures of the property since the issuing of the policy. It specifies by whom and for what purpose the building described in the policy, and each part thereof, was occupied at the time of the fire; and it must also set forth the knowledge and belief of the insured as to the time and origin of the fire, and, unless a sworn statement as to these things is furnished by the assured, it would be a comparative easy matter to defraud the insurance company."

Such being the conditions imposed upon the assured to furnish "proofs of loss" to the insurer as found in his contract of insurance, and such being the character of the "proofs of loss" so required to be furnished, the contract period of 60 days from the date of loss is a reasonable time to enable the assured to comply with the conditions imposed. However, in the event this period of time for any reason proves insufficient, and an extension of time is desired by the insured, the parties to the contract have expressly stipulated, not that a waiver on the part of the company of the failure of the assured to furnish "proofs of loss" within the 60 days required by the terms of the contract may not be shown, but, in order that the entire engagement and obligation of the company may rest in writing, and not in the fickle

memory of interested parties or witnesses, it is stipulated that such waiver, if any, must rest in a writing to that effect, executed in such manner as will bind the company. That such is the contract existing between the parties there is no room to doubt. That this contract has not been complied with by the assured stands admitted.

Has nonperformance of this condition by assured been waived by defendant? Reference to the adjudicated cases will show not a little "judicial legislation" on this subject of insurance in many of the states, doubtless occasioned from the hardship or supposed hardship resulting to the assured from an enforcement of the contract of insurance only according to its terms and conditions as found therein written, and by way of avoidance of such supposed injustice to assured. However, the federal Supreme Court has not indulged in this "judge-made" law, but has uniformly and consistently held that a policy of insurance, where plain and unambiguous in terms, is a contract between the parties, to be enforced only according to its provisions, and in the same manner as any other contract in writing. In the case of Imperial Insurance Company v. Coos County, 151 U. S. 452, 14 Sup. Ct. 379, 38 L. Ed. 231, Mr. Justice Jackson, delivering the opinion of the court, said:

"Contracts of insurance are contracts of indemnity upon the terms and conditions specified in the policy or policies, embodying the agreement of the parties. For a comparatively small consideration the insurer undertakes to guaranty the insured against loss or damage, upon the terms and conditions agreed upon, and upon no other; and when called upon to pay, in case of loss, the insurer therefore may justly insist upon the fulfillment of these terms. If the insured cannot bring himself within the conditions of the policy, he is not entitled to recover for the loss. The terms of the policy constitute the measure of the insurer's liability, and, in order to recover, the assured must show himself within those terms; and if it appears that the contract has been terminated by the violation on the part of the assured of its conditions, then there can be no right of recovery. The compliance of the assured with the terms of the contract is a condition precedent to the right of recovery. If the assured has violated or failed to perform the conditions of the contract, and such violation or want of performance has not been waived by the insurer, then the assured cannot recover. It is immaterial to consider the reasons for the conditions or provisions on which the contract is made to terminate, or any other provision of the policy which has been accepted and agreed upon. It is enough that the parties have made certain terms, conditions on which their contract shall continue or terminate. The courts may not make a contract for the parties. Their function and duty consists simply in enforcing and carrying out the one actually made."

The latest expression of that court upon this subject is found in Assurance Co. v. Building Association, 183 U. S. 308, 22 Sup. Ct. 133, 46 L. Ed. 213, wherein Justice Shiras, delivering the opinion of the court, says:

"What, then, are the principles sustained by the authorities, and applicable to the case in hand? They may be briefly stated thus: That contracts in writing, if in unambiguous terms, must be permitted to speak for themselves, and cannot by the courts, at the instance of one of the parties, be altered or contradicted by parol evidence, unless in case of fraud or mutual mistake of facts; that this principle is applicable to cases of insurance contracts as fully as to contracts on other subjects; that provisions contained in fire insurance policies that such a policy shall be void and of no effect if other insurance is placed on the property in other companies without the

knowledge and consent of the company are usual and reasonable; that it is reasonable and competent for the parties to agree that such knowledge and consent shall be manifested in writing, either by indorsement upon the policy or by other writing; that it is competent and reasonable for insurance companies to make it matter of condition in their policies that their agents shall not be deemed to have authority to alter or contradict the express terms of the policies as executed and delivered; that where fire insurance policies contain provisions whereby agents may, by writing indorsed upon the policy or by writing attached thereto, express the company's assent to other insurance, such limited grant of authority is the measure of the agent's power in the matter, and where such limitation is expressed in the policy, executed and accepted, the insured is presumed, as matter of law, to be aware of such limitation; that insurance companies may waive forfeiture caused by nonobservance of such conditions; that, where waiver is relied on, the plaintiff must show that the company, with knowledge of the facts that occasioned the forfeiture, dispensed with the observance of the condition; that where the waiver relied on is the act of an agent it must be shown either that the agent had express authority from the company to make the waiver, or that the company subsequently, with knowledge of the facts, ratified the action of the agent."

The opinion is lengthy, and exhaustive of the subject discussed, and was evidently prepared with the intent of clearly setting forth the views of that court on the nature of a contract of insurance and the rules of law governing its construction and enforcement. The question there considered, while not identical with that at bar, yet is of so close analogy as to furnish a rule for decision here.

So, in the case at bar, it is held, the assured not having furnished "proofs of loss" within the period of 60 days from the date of the fire, as required by the terms of the policy, it would, in my judgment, be competent for plaintiff to allege and show, if possible to so do, that defendant company, through its duly authorized officers or agents, had waived such breach of condition by extending the time for performance in the manner stipulated in the contract—that is, by a writing to that effect—or had in writing waived performance of the condition requiring assured to furnish "proofs of loss" either by denying liability under the contract in advance of "proofs of loss," thus repudiating its contract on its part, or by in any manner in writing notifying assured that "proofs of loss" would not be required in accordance with the condition imposed in the policy. But such is not the waiver pleaded in the petition. The waiver of the breach of a condition to be performed under the express terms of the contract in this case by assured, precedent to the maintenance of this action for a recovery upon the contract, which the parties have stipulated shall rest in and be evidenced only by writing, is here attempted to be predicated upon acts and conduct of the defendant necessarily resting in parol, and not evidenced by writing. This, in my judgment, may not be done; nor do I think, from a careful examination of the case of Thompson v. Phœnix Insurance Co., 136 U. S. 287, 10 Sup. Ct. 1019, 34 L. Ed. 408, that case in any wise conflicts with the view here expressed.

It follows the demurrer to the petition must be sustained. It is so ordered.