## BANK OF SOUTH JACKSONVILLE v. HARTFORD FIRE INS. CO.

(District Court, S. D. Florida. July 31, 1924.)

No. 1486.

**1. Courts ⚖️372(6)—Federal court governed by general law as to effect of clause of insurance policy.**

As to effect of clause of policy requiring proof of loss within 60 days after loss, unless time be extended in writing by insurer, a federal District Court is governed by general law, and decision of the state Supreme Court is not binding on it.

**2. Insurance ⚖️539(5)—Proof of loss in time required by policy or written extension of time necessary.**

Under a policy requiring proof of loss within 60 days after loss, unless such time be ex-

tended in writing by insurer, and providing that no action on it shall be sustainable unless assured shall have fully complied with all its requirements, failure to make proof of loss in stipulated time, without obtaining written extension of time, is fatal to recovery.

**3. Insurance ⚖️327—Covenant to report storage location of insured automobiles not violated by temporary storage at other place for purpose of sale.**

Covenant of insurance policy on machines of automobile dealer, that insured should report each automobile owned by it for sale and its storage location, held, in view of clause of policy as to exclusions from risk, not violated by its temporary storage, for purpose of making a sale, at a place other than that reported.

**4. Insurance ⚖️396(1)—Forfeiture held not waived by insurer's request for proofs of loss.**

Any forfeiture of a policy by failure of assured to report removal of insured automobile from its usual place of storage was not waived by insurer, after learning its location when destroyed, requesting, and assured making, proofs of loss required by the policy.

**5. Insurance ⚖️396(1), 397—Clause against additional insurance held not waived.**

Clause of policy, providing against any recovery if, at time of loss, there should be any other insurance, was not waived by insurer, after the loss and knowledge of the additional insurance, requesting proofs of loss, and not within a reasonable time denying liability, but attempting to settle by prorating with the other insurer.

**6. Insurance ⚖️389(3), 392(1)—Insurer held not estopped to claim benefit of provision against incumbrances.**

Insurer is not estopped to claim benefit of provision of policy that, unless otherwise provided by writing added to policy, it shall not be liable for loss to insured property while incumbered by lien or mortgage, because the agent indorsed on policy, "Loss, * * * if any, * * * payable to * * * [others than assured] as their interest may appear, subject, nevertheless, to all the terms and conditions of the policy," and insured, with knowledge of an incumbrance, issued the policy and accepted and retained the premium.

**7. Insurance ⚖️396(1)—Clause against incumbrance not waived by request for proofs of loss with knowledge of incumbrance.**

Clause of policy that, unless otherwise provided by writing added to it, insurer should not be liable for loss to insured property while incumbered by mortgage, was not waived by insurer, after loss and knowledge of existence of mortgage, requesting proofs of loss, and assured giving them.

At Law. Action by the Bank of South Jacksonville against the Hartford Fire Insurance Company. Heard on demurrers to pleadings. Overruled in part, and sustained in part.

L. R. Milton, of Jacksonville, Fla., for plaintiff.

Kay, Adams & Ragland, of Jacksonville, Fla., for defendant.

CALL, District Judge. On September 22, 1921, suit was brought in the state court by

the plaintiff to recover on a policy of insurance upon a truck. By appropriate proceedings the cause was removed to this court.

The policy in suit was issued, to cover loss by fire, theft, and transportation, to an automobile dealer, and provided for assurance against loss from fire, arising from any cause whatever, and lightning. The automobiles covered by the policy were automobiles owned and for sale by the dealer; the amount of insurance is the actual cost to the dealer, equipment, and freight; the term of the insurance, from the time they become property of the dealer until delivered to the purchaser, or the same passes out of the possession of the dealer. By clause 6 of the policy, the assured covenanted to report to the company each automobile so owned and for sale and its storage location, in the manner provided in the policy. Pursuant to this provision, July 19, 1920, the assured reported the truck which it was claimed was destroyed by fire, and amount of insurance $3,-700; "Where car is kept? 925 North Main street, Jacksonville, Florida"; that December 23, 1920, the said truck was destroyed by fire, of which loss the defendant had due notice December 24, 1920. The declaration then alleges the assignment of the policy, after loss, to the plaintiff in this suit, and that after said loss and prior to the bringing of this suit the defendant denied any liability, and thereby waived provision of policy requiring proof of loss, and a general allegation of compliance with conditions precedent.

The defendant demurred to the declaration, which demurrer was overruled, and then it filed five pleas. The first was that it never promised as alleged; second, that the covenant to report each automobile owned by the assured and its storage location was violated, in that the assured, without the knowledge or consent of the insurer, took the truck to Volusia county and stored same in a private garage, during which the truck was destroyed by fire.

To this second plea the plaintiff filed two replications: First, that the truck was taken to Volusia county for the purpose of sale, and was left at a private garage during the negotiations with the proposed purchaser; second, that a few days after the destruction of said truck the defendant was notified of the loss and the place where the truck was stored; that the defendant, after learning of the loss and the place where the truck was located, requested the assured to make proofs of loss, whereupon said proofs of loss were made and delivered to the defendant, whereby defendant waived the failure of the assured to report the removal of said truck from the usual place of storage.

The defendant demurred to each of these replications.

The third plea alleges the provisions in the policy as follows: "No recovery shall be had under this policy if at the time a loss occurs there be any other insurance covering such loss which would attach if this insurance had not been effected"—and then proceeds to allege that at the time of loss the assured had procured other insurance upon said truck in the Fireman's Fund Insurance Company.

To this plea two replications were filed by the plaintiff: First, that the defendant, a few days after the loss, learned of the additional insurance on said truck, and thereafter requested the assured to submit proofs of loss, and the assured did submit proof of loss, and that defendant thereby waived any violation of the provision pleaded; second, that the defendant, after learning of the additional insurance, did not, within a reasonable time, deny liability, but attempted to settle the claim by prorating the loss with the Fireman's Fund Insurance Company.

To these two replications the defendant filed demurrers.

The fourth plea alleges the provision of the policy to this effect: "Unless otherwise provided by agreement in writing added hereto, this company shall not be liable for loss or damage to any property insured hereunder (a) while incumbered by any lien or mortgage"—and then alleges that the assured, when the policy was issued, had mortgaged the insured property, and no agreement in writing was added to said policy.

To this plea the plaintiff filed three replications: First, that at the time the truck became covered by the policy, by the report as required by the policy, the agent made and signed this notation, "Remarks—Loss or damage, if any, under this entry, shall be payable to Bank of South Jacksonville as their interest may appear, subject, nevertheless, to all the terms and conditions of the policy," and that at the time the entry was made the defendant had knowledge of the chattel mortgage, and therefore the defendant is estopped from claiming the benefit of said provision; second, that the defendant had knowledge of the chattel mortgage at the time of making the entry and notwithstanding said knowledge, issued said entry and accepted the premiums therefor, and said premium has been retained, wherefore

the defendant is estopped from insisting upon that defense; third, that after the loss was sustained, and after the defendant was informed of the existence of said chattel mortgage, the assured at the request of defendant made up and submitted proof of loss, and thereby the defendant waived any violation of the provisions of the policy.

To each of these replications defendant filed demurrers.

The fifth plea sets up the clause in the policy requiring proof of loss within 60 days after loss, unless such time be extended in writing by defendant, in words as follows: "In the event of loss or damage the assured shall give forthwith notice thereof in writing to this company, and within 60 days after such loss unless such time is extended in writing by this company, shall render a statement to this company signed and sworn to by the assured, stating the place, time, and cause of the loss or damage, the interest of the assured and of all others in the property, ⁙ ⁙ ⁙ all incumbrances thereon and all other insurance, whether valid or not, covering said property," and that said assured did not, within 60 days after the loss, make proof of loss as required, and the time to do so was not extended in writing, nor proof of loss waived.

To this plea plaintiff filed a demurrer.

[1, 2] Taking up plaintiff's demurrer first. If this court is to be governed by the decision of the Supreme Court of Florida in the case of Hartford Fire Insurance Company v. Redding, 47 Fla. 228, 37 South. 62, 67 L. R. A. 518, 110 Am. St. Rep. 118, the demurrer is well taken; but as I understand it, I must be governed by general law, and the decision of the Supreme Court of the state is not binding upon me. The policy made part of the declaration contains this provision: "No suit or action on this policy for the recovery of any claim hereunder shall be sustainable in any court of law or equity unless the assured shall have fully complied with all the foregoing requirements."

The same question came before the Circuit Court, District of Kansas, in Missouri Pac. Ry. Co. v. Western Assurance Company, 129 Fed. 610, and was fully considered by that court. The terms of the policy sued on in that case seem identical with the terms of the policy in the present case on this matter. In that case a demurrer to the complaint was sustained, because the complaint did not show a compliance with the requirement of the policy by the plaintiff in making proofs of loss within the time limited, or an extension of such time in writing. The reasons advanced by the judge are in my estimation sound and convincing. The state courts are divided on this question. Time is not at my disposal to discuss the cases, or the reasons given for the rule applied in each case. The demurrer to the fifth plea will be overruled.

[3] I come now to the demurrer to the first replication to the second plea. This replication in my judgment confesses and avoids the second plea. The report required by the assured to have the particular automobile covered by the policy was made as required, as shown by entry No. 4. According to the pleadings it was kept at that place until taken away, for the purpose of selling it, to Volusia county, and it was kept there only during negotiations looking to its sale. Construing the policy and its terms, bearing in mind the purpose and the only purpose permitted by the policy, of ownership of the automobile by the assured, i. e., for sale, and warranties in the policy, (5) "The automobile described is usually kept in salesroom and public garage located 925 Main street, Jacksonville, Duval county, Florida," clause 10 of the policy, covering exclusions from risk, is helpful in considering the question. Quoting from the policy, "(A) While in any building controlled by the assured as a factory," "but this shall not be taken to refer to salesrooms or garages." I am led to the conclusion that the only reasonable construction of the entire contract is that a temporary storage at a place other than that of the salesroom and public garage for the purpose of making a sale is not a violation of the warranty in the contract of insurance. The demurrer to the first replication to the second plea will be overruled.

[4] The second replication to the second plea does not, in my judgment, avoid the plea. This replication attempts to set up a waiver, because the defendant requested proof of loss after learning of the location of the truck when destroyed, and the making of same in compliance with such request. This proof of loss was to be made by the assured by his covenant in the contract of insurance. The duty to do so was his, and the defendant could have waited for him to perform this duty without waiving any forfeiture which might have resulted from his violation of any of the terms of the contract. By the request for proof of loss, the assured was not induced to change his position, or to do anything that he was not required to do

by his covenant in the policy. The contract in plain terms required the assured to make the proof of loss within 60 days, and this time has been decided by the courts to be reasonable and binding upon the parties, unless extended by a writing. The mere request for proof of loss does not indicate an intention to waive the express terms of the policy. The demurrer will be sustained to the second replication to the second plea.

[5] The first replication to the third plea sets up the fact that, a few days after the fire, the defendant learned of the existence of the additional insurance and requested proof of loss, which was done, as a waiver of the condition as to additional insurance. The second replication pleads that, after learning of the loss and additional insurance, the defendant did not within a reasonable time deny liability, but attempted to settle the loss by prorating with the company issuing the additional insurance.

The clause in the policy pleaded in the third plea is as follows: "*Other Insurance.* No recovery shall be had under this policy if at the time a loss occurs there be any other insurance covering such loss, which would attach if this insurance had not been effected." It is clear from the terms of the policy that it was the intention of the insurer that no insurance, other than the cost to the dealer of the automobile, should be taken out. For this reason the quoted clause was placed in the policy. These replications admit that insurance in addition to said cost was taken out, and existed at the time of the loss. Do the facts set up in these replications show a waiver of this clause? I think not. What I have said above in regard to the second replication to the second plea applies with equal force to the first replication now being discussed. The second replication is no better, in my judgment, as showing a waiver. The demurrer to each of these replications will be sustained.

[6, 7] To the fourth plea three replications were filed. The first replication alleges the indorsement by the agent, "Loss or damage, if any, under this entry, shall be payable to Bank of South Jacksonville as their interest may appear, subject, nevertheless, to all the terms and conditions of the policy," and then charges knowledge of the defendant of the existence of the incumbrance, and claims estoppel by reason of the issuance of said policy with such knowledge; the second replication charges this knowledge, the issue of the policy, and acceptance and retention of the premium; the third that

after the loss, and after the knowledge of the defendant of the existence of the incumbrance, the defendant requested proof of loss, which was made by the assured.

The case of Atlas Reduction Co. v. New Zealand Ins. Co., 138 Fed. 508, 71 C. C. A. 21, 9 L. R. A. (N. S.) 433, is decisive of the question made by the first replication. What I have said above as to the second replication to the second plea applies equally to this third replication.

As to the second replication, the case of Assurance Co. v. Building Ass'n., 183 U. S. 361, 22 Sup. Ct. 133, 46 L. Ed. 213, is decisive of the validity of the facts set up in this replication as an answer to the fourth plea. I quote from the case at above-mentioned page as follows: "That contracts in writing, if in unambiguous terms, must be permitted to speak for themselves, and cannot by the courts, at the instance of one of the parties, be altered or contradicted by parol evidence, unless in case of fraud or mutual mistake of facts; that this principle is applicable to cases of insurance contracts as fully as to contracts on other subjects; that provisions contained in fire insurance policies, that such a policy shall be void and of no effect if other insurance is placed on the property in other companies, without the knowledge and consent of the company, are usual and reasonable; that it is reasonable and competent for the parties to agree that such knowledge and consent shall be manifested in writing, either by indorsement upon the policy or by other writing; that it is competent and reasonable for insurance companies to make it matter of condition in their policies that their agents shall not be deemed to have authority to alter or contradict the express terms of the policies as executed and delivered; that where fire insurance policies contain provisions whereby agents may, by writing indorsed upon the policy or by writing attached thereto, express the company's assent to other insurance, such limited grant of authority is the measure of the agent's power in the matter, and where such limitation is expressed in the policy, executed and accepted, the insured is presumed, as matter of law, to be aware of such limitation; that insurance companies may waive forfeiture caused by nonobservance of such condition; that, where waiver is relied on, the plaintiff must show that the company, with knowledge of the facts that occasioned the forfeiture, dispensed with the observance of the condition; that, where the waiver relied on is an act of

an agent, it must be shown either that the agent had express authority from the company to make the waiver, or that the company subsequently, with knowledge of the facts, ratified the action of the agent."

Applying the rules there laid down, I am of opinion that the replications to the several pleas as above pointed out, as well as the second replication to the fourth plea, are demurrable. An order will be made overruling the plaintiff's demurrer to the fifth plea, and overruling the defendant's demurrer to the first replication to the second plea, and sustaining the defendant's demurrers to the second replication to the second plea, the demurrers to the first and second replications to the third plea, and the first, second, and third replications to the fourth plea.