**FIREMAN'S FUND INS. CO. et al. v. BORSCHOW.**

Circuit Court of Appeals, Fifth Circuit. January 17, 1929.

No. 5282.

---

F. A. Rittenhouse and Frank E. Lee, both of Oklahoma City, Okl., and Robert L. Holliday, of El Paso, Tex., for appellants.

Eugene T. Edwards, of El Paso, Tex., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Appellee brought separate suits in a state court against appellants, six insurance companies, to recover on various policies of fire insurance covering a building owned by him in Sulphur, Okl., the policies totalling $24,500 and containing the three-fourths insurance clause. The suits were removed to the District Court, and consolidated for trial, by agreement. Appellee alleged his loss to be more than $63,000. The jury found the cash value of the building at the time of the fire to be $42,480, and on that verdict a judgment was rendered for the full amount of the policy against each defendant. Various errors are assigned and will be considered in the course of the opinion.

■ Appellee offered in evidence proofs of loss submitted to appellants. Their admission was objected to on the grounds that they were insufficient as proofs of loss under the terms of the policy, for various reasons, and because there was attached to them a document estimating the cost of a new building, similar to the one destroyed by fire, to be $63,396, the same amount alleged to have been lost. On this it was contended that the proofs of loss showed on their faces that the loss claimed was not the actual cash value of the building, at or immediately prior to the fire. Error is assigned to the overruling of these objections.

It appears that proofs of loss were accepted by appellants and retained. They were produced by them on the trial. It is not contended that they were not furnished in time, nor is it shown that any objection was made to receiving them. The proofs of loss were admissible to show compliance with the terms of the policy as to furnishing them. By receiving them without question, appellants waived any defect in form. Crotty v. Union Mutual Life Insurance Co., 144 U. S. 621, 12 S. Ct. 749, 36 L. Ed. 566. The recital as to the value in the proofs was not binding on appellants, and the rule is that the sufficiency of the proofs of loss under the policy is usually a question for the jury. Royal Insurance Co. v. Miller, 199 U. S. 353, 26 S. Ct. 46, 50 L. Ed. 226. There is nothing to show that appellee intended any fraud in fixing his loss at the amount estimated for rebuilding, and neither appellants nor the jury were deceived by his so doing. It cannot be said, as a matter of law, that claiming the value of an old building to be the same as its replacement cost is so inconsistent with truth as to warrant the exclusion of the proof of loss. We find no merit in this assignment.

Error is assigned to the overruling of a demurrer to the evidence at the close of the plaintiff's case and to the refusal of the court to direct a verdict for appellants, both based mainly on the admission of the proof of loss. As to this it is enough to say, in addition to the above, that the case was submitted to the jury on conflicting evidence, by a charge of the court not objected to in any way, and there was sufficient proof to sustain the verdict.

■ The third assignment of error is as follows:

"That said Court erred in admitting other evidence over the objections of the defendants which were not competent and relevant to said cause and to which action of the Court the defendants and each of them excepted."

The fourth assignment is in about the same form. These assignments do not conform to our rule No. 11, which provides that an assignment of error shall set out separately, and particularly each error asserted and intended to be urged. When the error alleged is to the admission or rejection of evidence, the assignment of error shall quote the full substance of the evidence admitted or rejected. We have repeatedly pointed out that an assignment of error to the admission or re-

jection of testimony in such general terms as the assignments above quoted furnishes no guide to the ruling to which exception was taken. We could not, if we were so minded, read through the record, which in this case is voluminous, and determine what appellants had in mind in drawing the assignments. We must decline to consider these assignments.

The other assignments of error are entirely without merit, and need not be discussed.

Reversible error is not shown.

Affirmed.