## BENNETT v. COSMOPOLITAN FIRE INS. CO.

No. 6039.

Circuit Court of Appeals, Fifth Circuit.

June 30, 1931.

Rehearing Denied Aug. 5, 1931.

Harold Kassewitz and George J. Baya, both of Miami, Fla., for appellant.

O. D. Batchelor, of Miami, Fla., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant, as most men do, not before but after he had sustained a loss by fire, read his policy. From such reading learning that there were things in it which he had not supposed were there, he filed his bill in equity to reform the policy, and to recover upon it

as reformed. The things amiss in the policy as written which he sought by his reformation suit to correct were: (1) That the policy, though originally written in his name, had, by an indorsement made without his consent, been written in his wife's name; (2) that the concurrent insurance clause, instead of providing concurrently for $18,000 on the dwelling and $5,000 on the furniture and finishings, really provided for only $16,000 on the dwelling and $3,000 on the furniture and finishings. He set up his loss, pleaded the filing of proofs of loss, the denial by the company of all liability under the policy, that he had requested payment of the insurance, and that he had done every act and thing necessary to entitle him to receive payment. Further, by way of anticipation of defenses which he thought would be, and which sure enough were, urged against him, appellant declared, first, as to the provision of the policy, that, if foreclosure proceedings be commenced with knowledge of the assured, unless a counter indorsement appeared on the policy the policy would be void, that he had no knowledge that such a suit had been brought against him; and, second, that though the company was threatening to, they ought not to be permitted to assert against him the provision of the policy that "the entire policy shall be void if the subject of insurance be personal property and be or become encumbered by a chattel mortgage," unless consent is indorsed upon the policy, for that there was only one mortgage on the property, and this upon the building and the furniture jointly; that the company through its lawful agent was not only fully advised of, but had fully consented to it by the indorsement on the policy of a New York standard mortgage clause in favor of Austin, the mortgagee named in the mortgage.

Not to be outdone by the plaintiff, the defendant not only interposed the defenses which the plaintiff had anticipated, but went him one better, basing a sweeping defense to the suit upon the allegation that plaintiff had not, as required by the policy, within the sixty-day period therein fixed, filed his proofs of loss.

On these pleadings the cause went to trial, and on full proof the court found that the rider, of date May 11, 1929, "Policy should read name of assured Dora C. Bennett," was placed on the policy wrongfully and without the knowledge or authority of plaintiff, and that he was entitled in this respect, therefore, to have the relief asked by

way of reformation or cancellation so as to reinstate himself as the insured.

The court, ruling upon the authority of Harris v. N. British & Mercantile Ins. Co. (C. C. A.) 30 F.(2d) 94, that the filing of proofs of loss is an affirmative duty of the assured, and a condition precedent to his filing suit, further ruled that, since plaintiff's suit affirms that his wife, who filed the proofs of loss in her name, was not the assured, but that plaintiff was, he may not be permitted to claim that the proofs filed by her can be taken as proofs filed by the assured, for either Dora C. Bennett was the assured for all purposes, including the making of proofs, or she was not the assured for any purpose.

Upon the point of waiver by the defendant by its acceptance of Dora C. Bennett's proofs of loss, and its nonaction thereafter, coupled with its complete denial of liability on the policy, the court found that this was all referable, not to the policy, but to the claim of Dora C. Bennett alone; that William M. Bennett had taken no action on the policy, had asserted no claim under it, and that no act of the company could be treated as waiver of proofs of loss by him.

■■ We think this point of view too rigid, too narrow, and not in accordance with authority. In the first place, though, as the court found, the insertion of the wife's name in the policy was without authority and void as to Bennett, we think the defendant, having brought about the resulting conversion by this unauthorized act, is estopped to deny the effectiveness of the proofs of loss as such when made by the person in whose name by their unauthorized rider they have as to themselves at least placed the insurance. Moreover, we think that all of the facts in evidence, the action of the adjuster of the company in having William M. Bennett join with his wife in the nonwaiver agreement, the acceptance by the company of the proofs in the name of Dora C. Bennett, the denial of any liability on the policy, the failure of the company to ask for additional proofs, and, generally, their nonaction in regard to the matter of proofs, make it perfectly clear that this defense is waived. To hold otherwise would be to permit dealings with this policy by the company in which husband and wife were by its representatives dealt with interchangeably to create a lying in wait and an entrapment resulting therefrom.

■■ It is settled law that the provision in a policy for proofs of loss must be complied with unless waived, but that, as its entire pur-

pose is to give the company, if they desire it, the benefit of detailed information as to the nature and extent of the loss which they contain, the filing of such proofs where the nature and extent of the loss is not the real matter in controversy may be easily waived. Cooley, Briefs on Insurance (2d Ed.) Vol. 2, 6019; Continental Insurance Company v. Fortner (C. C. A.) 25 F.(2d) 398; Liverpool & London Ins. Co. v. Dillon (C. C. A.) 16 F.(2d) 774; Fireman's Fund Ins. Co. v. Borschow (C. C. A.) 30 F.(2d) 18; Couch's Ency. of Ins. Law p. 5586.

It is a dry and strained construction which, contrary to the substantial principle upon which the law of this kind of case is grounded, denies, because proofs were sent in by Dora C. Bennett, instead of by her husband, the effect of waiver to multiplied acts of the company constituting such waiver. The action of the court in so ruling was error, for which the case must be reversed.

There were other issues in the case which appellant incorrectly assumes were decided in his favor. Upon this assumption he now insists that, it appearing that the court below erroneously decided against him the issue of proofs of loss, this court should grant him here the relief for which he prayed. The appellee, on the other hand, conceding that these issues were not decided in its favor by the trial court, urges that they should have been, and now presents them for decision in its favor here, and the judgment of the court below thereon affirmed.

While we do not agree with appellee that this court should undertake here to decide these issues, we do think it desirable, in view of another trial, to briefly comment upon the points presented. These points are four: (1) That plaintiff did not prove demand before suit brought; (2) that the policy was avoided by the mortgage foreclosure begun with plaintiff's knowledge; (3) that plaintiff was carrying concurrent insurance in excess of that permitted in the policy; and (4) that the policy was avoided by the fact that the furniture was incumbered by a chattel mortgage without consent thereto being indorsed upon the policy.

█ The first, second, and third points may be briefly disposed of. There is no merit in the first point, for no particular form of demand is necessary as a prerequisite to suit, and the record teems with evidence of insistent and persistent demands. The second point, that the beginning of foreclosure suit as a matter of law avoided the policy, is

equally without merit, for the record shows that this question presents an issue of fact which must be decided when the case is retried.

█ The third point, the matter of concurrent insurance, presents also issues of fact which must be determined on a retrial. If the trial court finds the issue of fact with the plaintiff that the parties intended to write the concurrent insurance provision so as to embrace all of the insurance which he carried, the contract must be reformed to give that intention effect. The remedy in such case presents no difficulty, for it is recognized, not only in the federal courts, but elsewhere, that an insurance contract will be reformed like any other under proper circumstances to effectuate the intention of the parties. Phenix Ins. Co. v. Hilliard, 59 Fla. 590, 52 So. 799, 138 Am. St. Rep. 171; Northern Assurance Co. v. Grand View Bldg. Ass'n, 203 U. S. 106, 27 S. Ct. 27, 51 L. Ed. 109; Lumber Underwriters v. Rife, 237 U. S. 605, 35 S. Ct. 717, 59 L. Ed. 1140; Hartford Ins. Co. v. Nance (C. C. A.) 12 F.(2d) 575; Forkner v. Twin City Fire Ins. Co. (C. C. A.) 19 F.(2d) 419; Columbia Ins. Co. v. King (C. C. A.) 30 F.(2d) 887.

█ The fourth point presents matter which, because of the state of the authorities, requires a somewhat more extended discussion. The point made here is that, because there was a mortgage on the building and furniture, and the policy contained no indorsement specifically consenting to this chattel mortgage, that clause of the policy, "This entire policy shall be void if the subject of insurance be personal property, and be or become encumbered by a chattel mortgage," avoids the policy.

The policy in suit, though written for a single premium, showed separately the amount written on the dwelling, $10,000 from that written on the furniture, $3,000. In addition, there was indorsed on the policy a New York standard mortgage clause, payable to O. J. Austin as first mortgagee, Austin being the holder of the mortgage for $4,000 covering the dwelling and the furniture.

Defendant cites in support of his claim that the contract should be treated as indivisible and the existence of the chattel mortgage on the furniture should be given effect to avoid, not only the insurance on it, but that on the dwelling as well. Fries-Breslin Ins. Co. v. Star Fire Ins. Co. (C. C.) 150 F. 611. There, however, the insurance was in a lump sum covering both items, not, as here,

in two sums allotted to the dwelling and the furniture respectively.

In this situation the great weight of authority treats the contract as divisible, and, if it gives any effect to the clause in question, gives it effect only as to that part of the insurance written on the personal property. Downey v. German Alliance Co. (C. C. A.) 252 F. 701; Hartford Fire Ins. Co. v. Jones (C. C. A.) 15 F.(2d) 1; Bills v. Hibernia Ins. Co., 87 Tex. 547, 29 S. W. 1063, 29 L. R. A. 706, 47 Am. St. Rep. 121; Cooley, Briefs on Insurance (2d Ed.) vol. 3, p. 2945.

Because of the mortgage clause indorsed on the policy, we think it plain that the invoked clause cannot be given any effect whatever here. It was established that the mortgage clause was placed upon the policy by the written direction of the insured advising the company's agent of the existence of the mortgage and of the name of the mortgagee. By this clause it was provided "Loss or damage * * * shall be payable to O. J. Austin as first mortgagee as interest may appear."

The policy covered both dwelling and contents; the mortgage also covered both, and it was not necessary that the details of the mortgage be set out in the indorsement. Hosford v. Germania Fire Ins. Co., 127 U. S. 399, 8 S. Ct. 1199, 32 L. Ed. 196. There can be no question but that insurer and insured so understood it, and that, if the policy had not carried the mortgage clause or some other effective indorsement, plaintiff would have been entitled to reform the policy to make it conform to that mutual understanding. Plaintiff, however, does not need that relief here, for upon the principle that "the interpretation should be adopted which is most favorable to the insured, if such interpretation be not inconsistent with the words used," Royal Ins. Co. v. Martin, 192 U. S. 162, 24 S. Ct. 247, 251, 48 L. Ed. 385, we think it clear that the mortgage indorsement is a compliance with that provision of the policy requiring an agreement to the existence of the chattel mortgage to be indorsed thereon. Hosford v. Germania Fire Ins. Co., 127 U. S. 399, 8 S. Ct. 1199, 32 L. Ed. 196; Fidelity Phenix Fire Ins. Co. v. Queen City (C. C. A.) 3 F.(2d) 784.

Three cases are cited against this view, Atlas Reduction Co. v. New Zealand Ins. Co. (C. C. A.) 138 F. 497, 9 L. R. A. (N. S.) 433; Bank v. Hartford (D. C.) 1 F.(2d) 43; Woods v. Ins. Co., 82 Wash. 563, 144 P. 650. Of the first it may be said that, while the majority upon the authority of Bates v. Equitable F. & M. Ins. Co., 10 Wall. 33, 19 L. Ed. 882, did decide that a loss payable clause in favor of the mortgagee was not effective to relieve against the chattel mortgage prohibition, Judge Hook, in a thoroughly well-considered dissenting opinion, pointing out that the Bates Case related to an ordinary loss payable clause, and not to a mortgage clause, reached the opposite and, we believe, the correct conclusion. Of the second case, that it was decided without discussion upon the sole authority of Atlas Reduction Co. v. New Zealand Ins. Co., supra.

The third case went off on its facts, the court there holding, not that a mortgage clause protecting the holder of a chattel mortgage would not relieve against forfeiture where there was no misrepresentation or deceit, but that it could not relieve under the facts of that case, which established, not only that the insurer did not know of the existence of the chattel mortgage, but that the indorsement had been placed on the policy as the result of a deliberate misrepresentation, with intent to deceive by the insured, that the mortgage in question did not cover chattels.

Because the court erroneously found against plaintiff that the failure to file proofs of loss in his name defeats his action, its judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.