[S. F. No. 1392.   Department One.—March 20, 1900.]

## ELIZABETH WHITE etal., Respondents, v. HOME MUTUAL INSURANCE COMPANY, Appellant.

FIRE INSURANCE—TIME FOR PROOFS OF LOSS—CONDITION PRECEDENT TO ACTION.—A policy of fire insurance providing that proofs of loss shall be made within sixty days after the fire, unless such time is extended in writing by the company, and that no suit or action on the policy shall be sustainable "until after full compliance by the insured with all the foregoing requirements," makes the proofs of loss within the time limited a condition precedent to an action upon the policy.

ID.—INSUFFICIENT COMPLAINT UPON POLICY.—A complaint upon a fire insurance policy which shows that the proofs of loss were made four months after the loss, and which does not set out any facts showing a waiver of the condition that the proofs must be presented within sixty days, does not state a cause of action.

ID.—ERRONEOUS INSTRUCTION—REASONABLE TIME.—It is error to instruct the jury that they are to determine whether, under all the facts and circumstances of the case, the proofs of loss were presented within a reasonable time, and to find in favor of the plaintiffs, if they find the proofs were presented within a reasonable time under those facts and circumstances.

APPEAL from a judgment of the Superior Court of Santa Clara County and from an order denying a new trial.   W. G. Lorigan, Judge.

The facts are stated in the opinion of the court.

Hiram D. Tuttle, and Jos. R. Patton, for Appellant.

The plaintiff must allege a compliance with the conditions of the policy, or a waiver or legal excuse for nonperformance. (Ostrander on Fire Insurance, sec. 272; *Lanitz v. King*, 93 Mo. 513; *Welsh v. Des Moines Ins. Co.*, 71 Iowa, 337; *Weidert v. State Ins. Co.*, 19 Or. 261; 20 Am. St. Rep. 809; *Dwelling House Ins. Co. v. Johnson*, 47 Kan. 1.)   In the absence of a waiver, a definite compliance with the proofs of loss within the time limited therefor, is essential to a cause of action upon the policy. (*German Ins. Co. v. Fairbank*, 32 Neb. 750; 29 Am. St. Rep. 459; *Owens v. Farmers' Ins. Co.*, 57 Barb. 521; Ostrander on Insurance, secs. 182, 257, 258, 261; Wood on Insurance, sec. 436-

38; May on Insurance, sec. 465; *Troy Fire Ins. Co. v. Carpenter,*
4 Wis. 20; *Connell v. Milwaukee etc. Ins. Co.,* 18 Wis. 387;
*Blakely v. Phoenix Ins. Co.,* 20 Wis. 205; 91 Am. Dec. 388;
*Gould v. Dwelling House Ins. Co.,* 90 Mich. 302, 308; *Scammon
v. Germania Ins. Co.,* 101 Ill. 621; *Dwelling House Ins. Co. v.
Jones,* 47 Ill. App. 261; *Bowlin v. Hekla Fire Ins. Co.,* 36 Minn.
433; *Shapiro v. Western Home Ins. Co.,* 51 Minn. 239; *Shapiro
v. St. Paul etc. Ins. Co.,* 61 Minn. 135; *Ermentraut v. Girard
etc. Ins. Co.,* 63 Minn. 305; 56 Am. St. Rep. 485; *Inman v. West-
ern Fire Ins. Co.,* 12 Wend. 460; *Blossom v. Lycoming Fire Ins.
Co.,* 64 N. Y. 162; *Maddox v. Dwelling House Ins. Co.,* 56 Mo.
App. 343; *Sergent v. London etc. Ins. Co.,* 85 Hun, 31; *Baker v.
German etc. Ins. Co.,* 124 Ind. 490.)

O. O. Felkner, and F. B. Brown, for Respondents.

The law only contemplates that notice and proofs of loss in
such a case as this shall be made within a reasonable time.
(*Rynalski v. Insurance Co. of Penn.,* 96 Mich. 395; *Vanginder-
taelen v. Phoenix Ins. Co.,* 82 Wis. 112; 33 Am. St. Rep. 27;
*Kenton Ins. Co. v. Downs,* 90 Ky. 236; *Steele v. German Ins. Co.,*
93 Mich. 81; *Carey v. Farmers' etc. Ins. Co.,* 27 Or. 146; *German
Ins. Co. v. Brown* (Ky., Jan. 30, 1895), 29 S. W. Rep. 313;
*Peninsula Mfg. Co. v. Franklin Ins. Co.,* 35 W. Va. 666; *Omaha
Fire Ins. Co. v. Dierks,* 43 Neb. 473, 569; *Coffman v. Niagara
Fire Ins. Co.,* 57 Mo. App. 647; *American Cent. F. Ins. Co. v.
Heaverin* (Ky., May 21, 1896), 35 S. W. Rep. 922; *Burlington
Ins. Co. v. Lowrey,* 61 Ark. 108; 54 Am. St. Rep. 203.) Policies
are to be construed most strictly against the insurer on all
questions of forfeiture. (*Smith v. Phoenix Ins. Co.,* 91 Cal.
335; 25 Am. St. Rep. 191; *Farnum v. Phoenix Ins. Co.,* 83 Cal.
246; 17 Am. St. Rep. 233.) The time provisions were not of
the essence of the contract made by this policy. (*Rynalski v.
Insurance Co. of Penn., supra; Kenton Ins. Co. v. Downs, supra;
Vangindertaelen v. Phoenix Ins. Co., supra; Steele v. German Ins.
Co., supra; Tubbs v. Dwelling House Ins. Co.,* 84 Mich. 646;
*Philipps v. Protection Ins. Co.,* 14 Mo. 220; *Knickerbocker Ins.
Co. v. McGinnis,* 87 Ill. 70; *Columbia Ins. Co. v. Lawrence,* 10
Pet. 507.) The loss was promptly reported to the company's
adjuster, and was fully known to the company, and further

proof was not essential. (4 Wait's Practice, 78; *Roumage v. Mechanic's Fire Ins. Co.*, 13 N. J. L. 110; *Watertown etc. Ins. Co. v. Grover etc. Co.*, 41 Mich. 131; 32 Am. Rep. 146; *Bennett v. Maryland Ins. Co.*, 14 Blatchf. 422; *Germania Fire Ins. Co. v. Stewart*, 13 Ind. App. 627; *Omaha Fire Ins. Co. v. Dierks, supra; Coffman v. Niagara Fire Ins. Co.*, 57 Ind. App. 647; *Mix v. Royal Ins. Co.*, 169 Pa. St. 639; *Sagers v. Hawkeye Ins. Co.*, 94 Iowa, 519; *Home Fire Ins. Co. v. Hammang*, 44 Neb. 566; *Peninsula etc. Mfg. Co. v. Franklin Ins. Co., supra; Coventry etc. Ins. Assn. v. Evans*, 102 Pa. St. 281; *Burlington Ins. Co. v. Lowrey, supra.*) The denial of liability is a waiver of the sufficiency of proofs of loss. (*Farnum v. Phoenix Ins. Co., supra; O'Brien v. Ohio Ins. Co.*, 52 Mich. 131; *Weiss v. American etc. Ins. Co.*, 148 Pa. St. 349; *Western Home Ins. Co. v. Richardson*, 40 Neb. 1; *Lum v. United States etc. Ins. Co.*, 104 Mich. 397; *Omaha Fire Ins. Co. v. Dierks, supra; Rochester Loan etc. Co. v. Liberty Ins. Co.*, 44 Neb. 537; 48 Am. St. Rep. 745; *Aurora etc. Ins. Co. v. Kranich*, 36 Mich. 289; *Batchelor v. People's etc. Ins. Co.*, 40 Conn. 56; *Carson v. German Ins. Co.*, 62 Iowa, 433; *Phoenix Ins. Co. v. Bachelder*, 32 Neb. 490; 29 Am. St. Rep. 443; *Kansas Pro. Union v. Whitt*, 36 Kan. 760; 59 Am. Rep. 607; *Fayloe v. M. F. Ins. Co.*, 9 How. 390; *Continental Ins. Co. v. Lippold*, 3 Neb. 391.)

GAROUTTE, J.—This appeal involves a contract of fire insurance, and the first question to be considered arises upon the sufficiency of the complaint. It appears thereby that the fire occurred June 8, 1896, and that proof of loss was made October 19th thereafter. The contract of insurance was attached to the complaint as an exhibit, and in that exhibit we find the following provisions: "And within sixty days after the fire, unless such time is extended in writing by this company, shall render a statement to this company signed and sworn to," etc. And again: "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire." In view of these provisions of the policy, does the complaint state a cause of action, proofs having been made some four months after the fire, and the policy requiring such

proofs to be made within sixty days thereafter? It will be borne in mind that no attempt is made by the pleader to set out facts constituting a waiver.

Ostrander on Insurance, section 223, citing 'Wood on Insurance, section 436, and May on Insurance, section 465, says: "The words 'forthwith' and 'as soon thereafter as possible' are construed to mean the same thing; but when a definite time is specified, as 'thirty' or 'sixty' days, neglect or delay beyond such time in furnishing proofs will be fatal, if the language of the policy makes the furnishing of proofs within the time designated a condition precedent." Thereupon the author quotes from *Owen v. Farmers' Joint Stock Ins. Co.*, 57 Barb. 521, as follows: "The question presented on this appeal is, whether the omission of plaintiff to deliver a particular account of his loss and damage within ten days after such loss, according to the seventh section of the condition annexed to the policy, is fatal to his right of recovery. Such provision is doubtless a condition precedent, the performance of which by the plaintiff is indispensable to the right of recovery. . . . . Time, too, is the essence of the contract in conditions of this kind, and there is no power in the court to dispense with a condition, or excuse the nonperformance of it. It is only when a duty is created by law that a party is excused from performing it, if performance is rendered impossible by act of God, and not when the duty is created by contract." The author thereupon says: "This statement of the law stands undisputed, and is strongly supported by a large number of decisions from the ablest courts in both England and America."

In the investigation of this question we have found a few cases opposed to the foregoing views, notably *Kenton Ins. Co. v. Downs*, 90 Ky. 236, and *Steele v. German Ins. Co.*, 93 Mich. 81, the latter case being decided by a divided court. The judgment in this latter case turned on the construction given the words "until after" used in the contract of insurance. As to other contracts of insurance which have come before that court wherein the word "unless" was used in the same connection as the words "until after" were used in the Steele case, an opposite conclusion has been declared. In those cases the words "until after" were held to substantially differentiate the facts in the

two classes of cases.    It would seem to require a miscroscopic in-
spection to discover a substantial difference in the meaning of
the terms "until after compliance" and "unless the insured shall
have fully complied"; yet, in the second class of cases, where the
proofs have not been furnished within the time agreed, the
right to bring an action is held barred (*Gould v. Dwelling
House Ins. Co.*, 90 Mich. 302), while in the first class of cases
it is held that the action is not barred.    (*Steele v. German Ins.
Co., supra.*)    It is quite evident after reading the various deci-
sions of the supreme court of Michigan that this question has
caused it considerable trouble.    But, upon careful consideration,
we are satisfied that the difference in the two forms of expression
is unsubstantial, and does not justify contrary conclusions in the
two classes of cases.

The policy by direct words says proofs of loss must be fur-
nished within sixty days from the date of the fire.    This is the
contract between the parties.    The period of time provided al-
lows ample opportunity to do the work, and the provision is a
most reasonable one.    If this requirement of the contract is
binding to any extent, if it is binding upon the insured to fur-
nish the proofs of loss, then why is it not equally binding upon
him to furnish proofs within sixty days?    Why should one pro-
vision of the requirements be given effect, and not the other?
It is not for this court to say that the one provision holds any
more of substance than the other.    It is conceded by the
Michigan court in all its cases that the proofs must be furnished
before the action can be brought, and it seems equally clear that
they should be furnished within the time specified, or likewise
action cannot be brought.    As the court has already shown, the
great weight of authority is in direct line with these views.    The
contract is, that the action cannot be brought until after a full
compliance by the insured with all the foregoing requirements.
One of these requirements demanded the insured to furnish
proofs of loss within sixty days from the date of the fire.    At
the time this complaint was filed the insured had not complied
with this requirement of the contract, and the sixty days had
long since gone by.

The court instructed the jury as follows: "The matter for the
jury to determine in settling the question as to the right of the

defendant to claim the loss of the insurance upon the ground that the proofs were not presented is, Were these proofs presented within a reasonable time, the reasonableness of the time to be determined by all the facts and circumstances of the case? If you find that under these facts and circumstances proofs were made within a reasonable time to the insurance company, then it is your duty generally to find in favor of the plaintiffs." In view of what has been said, this instruction is wrong.

It seems unnecessary to discuss the other questions raised by appellant in its brief.

For the foregoing reasons the judgment and order are reversed.

Van Dyke, J., and Harrison, J., concurred.