SAN FRANCISCO SAVINGS UNION et al. v. WESTERN ASSUR. CO. OF TORONTO.

(Circuit Court, N. D. California. December 2, 1907.)

No. 14,162.

INSURANCE—CONDITIONS IN POLICY—TIME FOR PROVING LOSS.

Where an insurance contract contained a condition printed on the back of the policy that "no suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements," and among such requirements was one that proof of loss should "be made within sixty days after the fire unless such time is extended in writing," a complaint on the policy does not state a cause of action which shows on its face that proof of loss was not made until six months after the fire, and alleges no extension of time nor waiver.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, §§ 1330–1334.]

At Law. On demurrer to complaint.

Pillsbury, Madison & Sutro, for plaintiffs.
Corbet & Selby, for defendant.

VAN FLEET, District Judge. Defendant has demurred to the complaint for want of facts to constitute a cause of action. The action is one to recover on a policy of fire insurance; the policy being pleaded in full. One of its provisions is that it is made and accepted subject to the stipulations and conditions printed on the back thereof, and among those conditions is a stipulation requiring proof of loss thereunder to be made to the company "within 60 days after the fire, unless such time is extended in writing"; and the final one provides that:

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements."

It is alleged that the insured property was destroyed by fire on the 19th day of April, 1906, and that proof of the loss was delivered to the defendant on the 16th day of October following, some 180 days after the destruction of the property; and there is an absence of any averment that the time for furnishing such proof was in any manner extended, or a compliance with the requirement waived.

Defendant's point is that the complaint is fatally defective, in.that it affirmatively appears therefrom that plaintiffs have not complied with the requirement of the policy that proof of loss be made within 60 days from the date of the loss; that this requirement is, under the terms of the policy, a condition precedent to defendant's liability; and that, by reason of this defect, the complaint does not state a case entitling the plaintiffs to recover. This objection, arising in various forms, has had consideration in a great number of insurance cases decided by the courts of last resort of the different states of the Union, and has given rise to a very sharp conflict of judgment thereon. The cases are very evenly divided in number, but are so numerous that it would subserve no useful purpose to attempt to discuss them in detail; nor could I hope to add anything of material value to the literature that has been expended upon the subject. Some of them, it is true, have turned upon a .slight difference in phraseology of the conditions of the particular policy under consideration; but others, based upon policies employing the precise phraseology of the policy in suit—commonly designated in insurance parlance as the "standard form"—are fundamentally divergent and in no manner to be reconciled. Of the latter class the more usual course of reasoning of those courts holding against the position taken by the defendant here—while not in that respect entirely harmonious—is, in substance, that forfeitures are not favored in the law, and courts will seek, if possible, to give such construction to a contract as to avoid inequitable consequences; that conditions of a policy of insurance affecting the risk itself are to be more strictly enforced than those relating to the mere mode of establishing the loss; and that, a condition as to the time within which proof of loss is to be furnished being of the latter class, a strict compliance with the terms thereof should not be held to be a condition precedent to liability on the part of the company, unless in express and precise terms made so, but rather as a provision intended to postpone the right to sue until the proof has been supplied; and that, if proof is made within a reasonable time and before suit brought, the plaintiff's rights are not forfeited. On the other hand, the courts, taking the view contended for by the defendant, proceed upon the principle that contracts of insurance are to be construed according to the plain, ordinary, and popular sense and meaning of the terms which the parties have seen fit to employ, and, if they are clear and unambiguous, they should be given effect according to their terms; that, where the language employed is susceptible of more than one meaning, it should be construed most strongly against the insurer, but, where free from doubt, insurance companies, equally with other suitors, are entitled to have their contracts interpreted by the same rules as applied by the courts to the interpretation of contracts generally; that consequently, if the assured has complied with the terms of his contract, he should recover, while, if

he has not, the court in deciding against him is not declaring a forfeiture of any legal right, but simply construing the contract by which he is bound. Applying these principles, it is held that the provision of the policy under consideration, being plain and unambiguous in language, is to be given effect according to its terms, equally with any other condition upon which the insured's right to recover depends; that, so construed, it makes a compliance with its requirement as to matter of time as essential a condition precedent to plaintiff's right to recover as is any requirement stipulated in the policy.

After a careful review of both lines of cases, I am entirely satisfied that the latter view is sustained by the sounder and better reasoning, and that the contrary rule involves the necessity of ignoring some of the cardinal principles applicable to the construction of these contracts. These principles are aptly stated in the opinion of the Supreme Court in the case of Imperial Fire Insurance Co. v. Coos County, 151 U. S. 452, 462, 14 Sup. Ct. 379, 381, 38 L. Ed. 231, where, in laying down the general rules by which such contracts are to be interpreted, it is said:

"Contracts of insurance are contracts of indemnity upon the terms and conditions specified in the policy or policies, embodying the agreement of the parties. For a comparatively small consideration the insurer undertakes to guarantee the insured against loss or damage upon the terms and conditions agreed upon, and upon no other, and, when called upon to pay in case of loss, the insurer, therefore, may justly insist upon the fulfillment of these terms. If the insured cannot bring himself within the conditions of the policy, he is not entitled to recover for the loss. The terms of the policy constitute the measure of the insurer's liability, and, in order to recover, the assured must show himself within those terms; and, if it appears that the contract has been terminated by the violation on the part of the assured of its conditions, then there can be no right of recovery. The compliance of the assured with the terms of the contract is a condition precedent to the right of recovery. If the assured has violated, or failed to perform, the conditions of the contract, and such violation or want of performance has not been waived by the insurer, then the assured cannot recover. It is immaterial to consider the reasons for the conditions or provisions on which the contract is made to terminate, or any other provision of the policy which has been accepted and agreed upon. It is enough that the parties have made certain terms conditions on which their contract shall continue or terminate. The courts may not make a contract for the parties. Their function and duty consist simply in enforcing and carrying out the one actually made."

These principles are applicable alike to all the conditions of the contract, whether those conditions affect the risk itself or relate merely to the mode of establishing the loss; and, applying them here, it is obvious that the limitation of time in the clause as to the making of proof of loss is as essential to the integrity of the contract the parties have made as the requirement that proof be made at all; and that, if that feature may be disregarded, the entire clause may with equal right be ignored, something which no court thus far has ever undertaken to hold.

In the only case from the federal courts to which my attention has been called involving the precise question here presented, Judge Pollock, in the Circuit Court for the District of Kansas, in sustaining a demurrer to the complaint where it appeared that the proof of loss—under a provision identical in form with the one under consideration—

had not been made within the time required, held this provision of the policy to be a condition precedent to the plaintiff's right to recover; and, referring to the contrary rule, says:

"Reference to the adjudicated cases will show not a little 'judicial legislation' on this subject of insurance in many of the states, doubtless occasioned from the hardship, or supposed hardship, resulting to the assured from an enforcement of the contract of insurance only according to its terms and conditions as found therein written, and by way of avoidance of such supposed injustice to assured. However, the federal Supreme Court has not indulged in this 'judge-made' law, but has uniformly and consistently held that a policy of insurance, where plain and unambiguous in terms, is a contract between the parties, to be enforced only according to its provisions, and in the same manner as any other contract in writing." Missouri Pac. Ry. Co. v. Western Assur. Co. (C. C.) 129 Fed. 610, 613.

And the court referred to the above case of Imperial Insurance Co. v. Coos County as furnishing the correct rule for guidance in construing contracts of this character.

The Supreme Court of the state of California, in a quite recent case (White v. Home Mutual Ins. Co., 128 Cal. 131, 135, 60 Pac. 666) involving the same provision, where proof of loss was not made until some four months after the fire, reached the same conclusion, and in a well-reasoned opinion holds that the provision is a condition precedent, the performance of which by the plaintiff is indispensable to the right of recovery, that by the language employed time is intended to be of the essence of the contract, and that there is no right in the court to dispense with the condition or excuse the nonperformance of it. It is there said:

"The policy by direct words says proof of loss must be furnished within 60 days from the date of the fire. This is the contract between the parties. The period of time provided allows ample opportunity to do the work, and the provision is a most reasonable one. If this requirement of the contract is binding to any extent, if it is binding upon the insured to furnish the proofs of loss, then why is it not equally binding upon him to furnish proofs within 60 days? Why should one provision of the requirements be given effect, and not the other? It is not for this court to say that the one provision holds any more of substance than the other. It is conceded by the Michigan court in all its cases that the proofs must be furnished before the action can be brought, and it seems equally clear that they should be furnished within the time specified, or likewise action cannot be brought. As the court has already shown, the great weight of authority is in direct line with these views. The contract is that the action cannot be brought until after a full compliance by the insured with all the foregoing requirements. One of these requirements demanded the insured to furnish proofs of loss within 60 days from the date of the fire. At the time this complaint was filed the insured had not complied with this requirement of the contract, and the 60 days had long since gone by."

It is neither necessary nor desirable, for the reasons indicated, to multiply references to the many cases sustaining this view.

The principles thus announced being, as suggested, in accord with my own judgment as to the correct solution of the question involved, the order will be that the demurrer herein be sustained.