## HARRIS v. NORTH BRITISH & MERCANTILE INS. CO., Limited.

Circuit Court of Appeals, Fifth Circuit.
January 17, 1929.

No. 5405.

William L. Erwin and Abit Nix, both of Athens, Ga., and H. C. Cox, of Monroe, Ga. (J. L. Newton, of Social Circle, Ga., and Erwin, Erwin & Nix, of Athens, Ga., on the brief), for appellant.

T. A. Hammond and Alex W. Smith, Jr., both of Atlanta, Ga. (Smith, Hammond & Smith, of Atlanta, Ga., and Walter G. Cornett, of Athens, Ga., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This was an action on a policy of fire insurance. The insured alleged a loss by fire that was covered by the policy, but his petition affirmatively disclosed that he had failed to make sworn proof of loss within 60 days after the fire. On motion of the insurer, judgment was entered dismissing the petition; and the insured appeals.

The policy sued on was in the New York standard form. It contains several requirements with which the insured must comply, one of them being that "if fire occur the insured shall * * * within sixty days after the fire" make sworn proof of loss, and contains a provision that "no suit or action on this policy for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire." Other provisions of the policy are to the effect that it shall be void if there exist or shall occur any one of a large number of contingencies, including misrepresentation or fraud by the insured, other undisclosed insurance, unauthorized use, and incumbrances; and that the insurer shall not be liable for various causes of loss, among which are mentioned insurrection, theft, and negligence of the insured; or for the loss by fire of described kinds of personal property. But all these provisions, in regard to the policy being or becoming void and the insurer not being liable, are such as affect the risk, and no one of them deals with the failure of the insured, in the event of fire, to make proof of loss or with his right to maintain suit. The petition does not raise the question of waiver, or of estoppel.

The decisions of the state courts are in conflict on the question whether a failure by the insured under this form of policy to make proof of loss within the time stipulated operates to bar a recovery. See Note in 58 L. R. A. (N. S.), 1214, 1215. The cases which sustain the right of recovery adopt the argument that the insurance company is attempting to enforce a forfeiture for a failure to comply with a provision which is not included among specifically enumerated grounds of forfeiture; and, strictly construing the policy against the insurer, the conclusion is reached that the failure to make proof of loss within the stipulated time has the effect only of postponing suit, provided such postponement does not extend beyond the time limit provided by the policy for bringing suit.

In our opinion the better view is that the requirement of proof of loss by the insured within the 60-day limit provided by this standard form of policy is a condition precedent to the right of the insured to maintain suit. This appears to be the prevailing view in the federal courts. Missouri Pac. Ry. Co. v. Western Assurance Co. (C. C.) 129 F. 610; San Francisco Savings Union v. Western Assurance Co. (C. C.) 157 F. 695; Bank v. Hartford Fire Insurance Co. (D. C.) 1 F.(2d) 43. In Imperial Fire Insurance Co. v. Coos County, 151 U. S. 452, 14 S. Ct. 379, 38 L. Ed. 231, it was said: "Contracts of insurance are contracts of indemnity upon the terms and conditions specified in the

policy or policies, embodying the agreement of the parties. * * * If the insured cannot bring himself within the conditions of the policy, he is not entitled to recover for the loss. * * * The compliance of the assured with the terms of the contract is a condition precedent to the right of recovery." It is not shown that the policy was forfeited or rendered void, or that the insurance company was not liable. There is therefore no question of forfeiture involved. But the insured agreed to a requirement that he would make proof of loss within 60 days after a fire, and that no action on the policy should be sustained until after full compliance with that requirement. In other words, there was a contractual limitation of time upon the right to make proof of loss as well as upon the right to maintain suit. That limitation is not attacked as unreasonable, and does not appear to be so. It was impossible for the insured to show "full compliance" with the requirement as to proof of loss after 60 days had elapsed from the date of the fire; for time of compliance was made an essential element of the requirement. White v. Home Mutual Insurance Co., 128 Cal. 131, 60 P. 666.

The judgment is affirmed.