**POSPISIL v. NATIONAL FIRE INS. CO. OF HARTFORD, CONN.**

**SAME v. NIAGARA FIRE INS. CO.**

District Court, S. D. South Dakota. September 24, 1929.

Nos. 1236, 1237.

Wicks & Quinn, of Scotland, S. D., and C. C. Puckett, of Tyndall, S. D., for plaintiff.

L. E. Waggoner, of Sioux Falls, S. D., for defendants.

ELLIOTT, District Judge. I have considered the issues involved In re Carrie Pospisil v. National Fire Insurance Company of Hartford, Conn., and Carrie Pospisil v. Niagara Fire Insurance Company.

These two actions against the defendants are to recover on policies of fire insurance issued to the plaintiff, whereby defendants insured against loss or damage by fire a rooming house and the furniture and fixtures therein located at Tyndall, S. D.

The first action involves loss or damage to the building only. The latter covered both the building and furnishings. Additional insurance was also written by the Ætna Insurance Company upon the personal property only. The building and contents were damaged by fire on the 23d of January, 1927, and these two actions involve a recovery for the damage sustained to the building and furnishings.

Defendants admit execution and delivery of the policies. The policies are in form what is known as the South Dakota standard policy. It affirmatively appears from the record that Henry Halla, who was in the insurance business and was local agent for the Niagara Fire Insurance Company, attended the fire, was also notified of the loss, and mailed a letter to the state agent immediately after the fire, to which defendant company responded by letter, marked "Exhibit 11," as follows:

Established 1850
Niagara Fire Insurance Company
95 Maiden Lane, New York
1—23—27
Mail to: Henry Halla, Tyndall, South Dakota.
Adjustment of this loss has been assigned to S. A. Geo. P. Donohue.
We have received your notice of loss. Adjustment has been provided for as indicated above.

Policy No. 4147          Amount      $ 8800
Agency Tyndall, So. Dakota.   Estimate    $ 6600
Date of loss 1—23—27         Total Ins.  $12900

Assured Carrie Pospisil.
Location, Lots #6—7—& 8, Block 59, D. W. Currier's 3rd Addition to Tyndall, South Dakota.
Loss payable to Assured.
Coverage—Dwg. F&F Barn & Garage.
Remarks—
Previous Losses.
Date    Amount
None
Yours very truly,
Niagara Fire Insurance Co.,
Per W. H. P.

Exhibit 12 was received in evidence as follows:

Established 1850
Niagara Fire Insurance Company
95 Maiden Lane, New York.
Geo. P. Donahue, State Agent & Adjuster.
Omaha National Bank Building, Omaha, Nebraska.
January 25, 1927.
Henry Halla, Tyndall, S. D.
Re Policy #4147—Carrie Pospisil.
Dear Friend Halla: I beg to acknowledge receipt of a notice of loss for above assured which occurred Sunday morning, and note what you say as to being about 75% loss. I will try and be in Tyndall about Thursday of this week, and will see you before doing anything in reference to this loss.
With kind personal regards, I remain,
Yours very truly,          George P. Donahue.
GPD:ES                          State Agent.

It further appears from the record that the adjuster named in these exhibits, Geo. P. Donahue, immediately thereafter visited the scene of the fire. There is nothing in the record with reference to any attempt to adjust the loss. The inference seems to be that it was concluded that the insured burned the property. There was no refusal to adjust the loss and no denial of liability brought to the attention of the insured. They were ignorant people of foreign parents, understanding nothing as to the requirements of the policy, and they simply waited for payment by the defendants, without any knowledge that it was incumbent upon them to furnish proofs of loss, and some seven months after the fire, because of the delay, they finally consulted a lawyer and furnished proofs of loss. Defendants failed to acknowledge the same, made no objections thereto, and retained such proofs. Plaintiff filed her complaint herein, alleging "that on the 26th day of August, 1927, plaintiff furnished the defendants with proofs of loss and otherwise performed all the conditions of said policy on her part." The defendants thereafter filed their answer, as follows: "Denies each and every allegation, matter, fact and statement contained in said complaint except such as are hereinafter admitted or qualified."

The sixth paragraph of defendants' answer is as follows: "That no proof of loss as provided for in said policy was ever furnished to this defendant until more than seven months after the fire, referred to in plaintiff's complaint, and no proofs were ever furnished until the 26th day of August, 1927."

The record in this case is entirely silent as to any proofs, either as to the time of the furnishing of these proofs of loss, of their contents or manner of execution.

It is now the contention of the defendants that plaintiff has never pleaded nor proven that she furnished any sworn proof of loss. Counsel for plaintiff urges that he has complied with the ordinary rules of pleading, by pleading the term "proof of loss," and that this term has a meaning that is well understood. He urges that authorities on Code pleadings who furnish forms for the guidance of pleaders use practically this same language. It will be noted that plaintiff alleges in her complaint that proofs of loss were furnished the defendant on the 26th day of August, 1927, and the defendant's answer says no proofs were ever furnished until that date. Is this an admission that proofs were furnished on that date?

There is no allegation in the answer nor is there anything in the proof that in any manner questions the sufficiency of the proof of loss that was served on that date. It is not alleged that it was not sworn to, nor was any proof offered by the defendant indicating that the proof of loss thus served was not in strict compliance with the statute.

I am of the opinion that the language used in the complaint was sufficient; that the words "proof of loss" have a well-defined significance and mean a proof of loss in compliance with the terms of the policy. I think this would be true if there were no specific finding by our Supreme Court as to what constitutes a proof of loss. However, In re Orr et al. v. National Fire Insurance Co. of Hartford, Connecticut, 52 S. D. 513, 219 N. W. 119, 120, the Supreme Court said: "It is admitted that it was not verified [referring to the proof of loss]; therefore, it was not sufficient as a proof of loss."

The use, therefore, of the term in the pleading, "proof of loss," signifies, especially in the absence of a demurrer, a good and sufficient proof of loss. The admission in the answer that proof of loss was served August 26, 1927, is an admission that sufficient proofs of loss were served. It is not necessary, therefore, to consider what the effect was of keeping the proof of loss by the defendant without objection and whether all of the circumstances of the case constituted a waiver of defendants' right to insist on the failure to make the requisite proof as a defense to an action on the policy. Upon the trial of the case, plaintiff treated this allegation as being sufficient; it was not questioned in the answer; and plaintiff further treated the admission of the defendants in their answer as an admission of the fact as alleged, and that therefore there was no issue upon the character or contents of the proofs of loss.

I find from the record that there is no allegation in the answer and nothing in the proof that the proof of loss was not sworn to, nor is there anything, either in the answer or proof offered by defendant, to indicate that the proof of loss was not in strict compliance with the statute as far as the contents of the proof of loss was concerned. There being no issue upon the contents of the proof and nothing in the record disclosing any deficiency in its form or contents, it must be held sufficient, and I am of the opinion that upon the face of this record it is admitted that the proof of loss was served August 26, 1927.

It is next urged by counsel for the

defendant that it appears upon the face of the record "that no proofs of loss were served within the sixty days; that the fire occurred in January and the only proofs of loss ever served were received by the defendant companies in August, approximately nine months after the loss and that therefore the policy is void, and no action can be maintained thereon."

Counsel for plaintiff insists that a failure to furnish proof within the 60 days' time provided in the policy does not relieve the insurer of liability, but only postpones the time for commencing action.

The contentions of counsel respectively must be determined not only by the provisions of the policy itself, but must be determined in the light of the statutes of South Dakota, which, when the policy was issued, became an integral part of it. Counsel for the respective parties cite a large number of cases supporting the rule as contended for by them respectively. It is conceded that there is a contrariety of opinion upon the question of the effect of failure to furnish proof of loss within the time provided in the policy. Without attempting an analysis of these various decisions, I am impressed that a consistent majority of the courts favor the rule contended for by the plaintiff. Courts holding this view rest largely upon the theory that the law does not favor forfeiture, and, where the policy provides for its forfeiture for the breach of certain conditions, it is implied that a failure to comply with other provisions will not void the policy, and, giving these provisions the construction most favorable to the insurer, the contract is not void for failure to furnish proofs within the time specified. It seems also that other courts passing upon this question have based their decisions largely upon the theory that the provision in a contract is a reasonable one that the assured has agreed to do certain things and that his failure to furnish proofs of loss within the 60-day limit provided in the policy prevents a recovery.

I am impressed, as I review the very great number of cases cited by counsel respectively, that the true solution of this question must rest upon a fair, reasonable construction of the terms of the policy in the light of the law of this jurisdiction.

This is a South Dakota contract, and, regardless of what the rule may be in other states, the rights of the parties here must be determined with reference to the statutory provisions of this state in which the contract was made and was to be performed.

"Laws which subsist at the time and place of the making of a contract, and where it is to be performed, enter into and form a part of it as if they were expressly referred to or incorporated in its terms. This principle embraces alike those which affect its validity, construction, discharge and enforcement." United States ex rel. Von Hoffman v. Quincy, 4 Wall. 535, 18 L. Ed. 403.

What then is the law of this state and what, if any, effect has it upon the rights of the parties to this action? Time was the essence of the contract under the common law. This, however, was changed by a statute in South Dakota, which provides that "Time is never considered as of the essence of a contract, unless by its terms expressly so provided." Section 888, Revised Code 1919, South Dakota.

This provision in this state is a part of the report of the Code commissioners of the state of New York. The provision was never adopted by that state, but was adopted as the Civil Code of the territory of Dakota, and has been carried down through the laws of the state to the present time. The various cases cited by counsel disclose that many of the courts holding that the filing of the proof of loss within the 60 days is not a condition precedent to the right of the plaintiff to recover, place it upon the ground that the time within which proof of loss is to be served is not of the essence of the contract, and, in view of this provision of our statute, regardless of what the courts may hold in other jurisdictions, it would seem clear that time is never to be considered of the essence of a contract unless by its terms expressly so provided. And, turning to the provisions of the insurance policy in question here, it is found that there is an entire absence of penalty for failure to serve proofs within 60 days after the fire; there is no provision that the policy shall be void or that by reason of such failure the defendant shall be released from liability. This provision must, of course, be construed in connection with other provisions applicable, and its sole effect is to preserve to the defendant the 60 days provided in the policy within which to make the elections as to taking the property, repairing it, etc., and also extends the time within which suit can be brought by the plaintiff, the same to be computed from the time of the service of proofs of loss.

The Circuit Court of Appeals of this Circuit had this modification of the common-law rule under consideration In re Owen v. Giles, 157 F. 825, 829. This case was originally tried in the Circuit Court for the District of South Dakota, and in the opinion Judge

Hook states: "Some other matters require notice. The contracts were made and were to be performed in Iowa. Therefore the South Dakota statute, that time is not of the essence of a contract, unless by its terms expressly so provided, does not apply."

The court thereby held that in that case, under the statutes of Iowa, time was the essence of the contract, but recognized the rule that would necessarily have applied if it had been a South Dakota contract to be executed in this state.

This question of whether or not failure to file the proofs of loss within the 60-day period voids the contract, has not been passed upon by the Circuit Court of Appeals of this circuit or the Supreme Court of South Dakota, so far as I have been able to find. My attention, however, is just to-day called to a decision of the Supreme Court of South Dakota. Eide v. Southern Surety Co. (S. D.) reported in 226 N. W. at page 555. This is an action upon a "special Automobile accident policy," and it is conceded in the record in this case that no sufficient proofs of loss were ever served, and it is there held that, "In a suit on an accident insurance policy, the insurer, having failed to make objection to the sufficiency of the proof of loss, may not do so for the first time at trial."

By an examination of the statute and a consideration of the authorities presented, I am convinced that the Legislature, when it provided the form of policy in this state, and in doing so separated this provision with reference to service of proof of loss from those other conditions, each of which was, by the terms of the policy, made a condition precedent to the right of recovery, did so presumably with a knowledge of the fact that under the statutes of this state time is not an essence of the contract unless so specifically provided, and intended by such separation of this provision to leave it to be interpreted in the light of the statutes of the state of South Dakota, and, if so interpreted, time is not of the essence of the contract, and the policy, in the light of this statute, is not void, nor is the defendant thereby relieved of liability. That it was clearly the intent and purpose of the Legislature that time should not be considered the essence of this contract of insurance in the furnishing of the proofs of loss and that it was not the intent or purpose of the Legislature to discharge the insurer and release it from liability solely upon the ground that proofs of loss had not been furnished within 60 days from the date of the fire.

While I have expressed a purpose not to analyze the decisions, I have noted that the various adverse decisions have referred to and quoted from the decision of the Supreme Court in Re Imperial Fire Insurance Co. v. Coos County, 151 U. S. 452, 14 S. Ct. 379, 38 L. Ed. 231, making this decision of the Supreme Court the basis upon which a decision is rested holding the service of proofs of loss within the 60 days a condition precedent to the right to recover. An analysis of this case clearly discloses that the question presented here was not an issue in that case. The whole gist of Justice Jackson's opinion is contained in the opinion, as follows: "It is entirely competent for the parties to stipulate, as they did in this case, 'that this policy should be void and of no effect, if, without notice to the company, and permission therefor indorsed hereon, * * * the premises shall be used or occupied so as to increase the risk, or cease to be used or occupied for the purposes stated herein; * * * or the risk be increased by any means within the knowledge or control of the assured, * * * or, if mechanics are employed in building, altering, or repairing premises named herein, except in dwelling houses, where not exceeding five days in one year are allowed for repairs.' "

In that case no provision as to the effect of a condition of the policy was being construed that would be equally applicable to the policy in the case at bar. If the question presented here depended upon the provisions of the policy, which provide for a forfeiture and release of the defendant or that the policy is void, then this decision of the Supreme Court would be entirely applicable, and there would be no question as to the right of recovery. Our own Court of Appeals has held that one of these provisions, to wit, that with reference to the care or disposition of the property, is a condition precedent. It is so in this state by the express terms of the contract, and so in the Supreme Court case, Imperial Fire Insurance Co. v. Coos County, supra. Risk had been increased contrary to the terms of the policy; the policy provided for the release of the defendant; it provided for a forfeiture of the rights of the plaintiff and that the policy should be void; and, when in violation of the terms of the contract the public building was improved at great expense, and workmen made changes and repairs and put in a new heating plant, all in violation of the terms of the contract, of course the penalty provided by the policy was necessarily applicable.

I cannot find that the reasoning in any of those cases necessarily apply to the situation

as presented here, and I am therefore of the opinion that the objection of counsel for defendant is not well taken.

█ Counsel for defendants next contend that plaintiff is not entitled to recover anything in either of these actions, for the reason that the plaintiff wholly failed to comply with that provision of the policy which required her to protect the property from further damage after the fire.

Section 9199 of the Revised Code 1919 of the State of South Dakota provides that the insured "shall * * * protect the property from further damage," etc., and it is this provision of the policy which the defendant claims the plaintiff ignored.

There can be no question but that the terms of this contract of insurance required the plaintiff to protect the property, and the determination of this issue involves the consideration of just what the situation was after the fire and what was done by the insured. The undisputed evidence shows that there was burned in the roof of the building a hole 7 or 8 feet wide by about 20 feet long immediately over the hall and storeroom on the second floor and over the dining room on the first floor; that everything between the floor above the dining room and this opening in the roof was actually burned. The floor of the second story above the dining room was not burned, and the metal ceiling of the dining room was intact. There was nothing under the hole in the roof that could be injured by rain or snow, as the rooms immediately under it were entirely destroyed, and the partitions between the rooms upstairs on either side of those entirely burned away were left intact so that the doors could be closed and no rain or snow could get into these rooms where the damaged furniture was situated. Snow or rain coming through the hole in the roof upon the floor above the dining room flowed off that floor onto the first floor and from there directly into the cellar.

The undisputed evidence of all of the witnesses who examined the condition that existed after the fire, or within a reasonable time after it, testified that all of the personal property in the building was damaged by fire, smoke, or snow and ice. There was therefore no call for a separation of the property damaged from undamaged, for the reason that there was no undamaged property. It may well be urged that this damaged bedding, rugs, and furniture in the respective rooms were separated and would be preserved in better condition than to remove them and pile them up in some other

building. Especially is this true in view of the testimony of the witness Pospisil that he could close the door to all of these rooms except where the property was all destroyed; that he nailed the windows and doors for the protection of the property. If this had been a stock of goods, partly damaged and partly not damaged, it is easy to understand that it would have been the duty of the insured to sort the damaged from the undamaged. No such condition existed here. It is to be noted too that all of the witnesses who saw the property immediately after the fire and after the bringing of this action united in testifying that the property was in substantially the same condition after the bringing of suit that it was immediately after the fire, and in this connection it is urged by counsel for defendants that the record discloses that some of the property was stolen.

█ In the first place, no substantial portion of the property was stolen, and, in the second place, the record discloses that the husband of the insured nailed up the doors and windows for the purpose of protecting the personal property in the rooms, and it further appears that he, with the insured and their children, lived in the garage on the same lot on which this building was located. Before the fact that property was stolen can be urged as a failure upon the part of the insured to care for the property, it must be shown that the stealing of the property was because of the neglect and want of care of the insured. The provision of the policy requiring care of the property, when considered in connection with its being stolen, would be binding upon the insured only when and if the insured contributed by neglect to its being taken. The insured in the care of the property must exercise that due care for its protection that should and would be exercised by a reasonably prudent, careful person under the same circumstances. I think the proof here shows that insured in this case met that requirement when the doors and windows were nailed and considering that the insured and family lived in the garage so near the damaged building. The purpose of this provision in the policy is to allow the company the right to take the property at its appraised value or to repair or rebuild the property damaged, to view the premises, to replace property lost or damaged with other of like kind or quality, etc.

In this case the record discloses that the defendants cannot urge that they have been in any manner injured or that they have been denied any right provided under the terms of the policy. They were notified of

the loss, acknowledged receipt of the notice, sent a representative to examine into the loss and paid no further attention to it, and, when this action was started, filed their answer denying all liability, and further answering alleged that the insured willfully and fraudulently, and for the purpose of collecting the insurance, caused the fire to be set which burned the property covered by the policies.

I therefore find as a matter of fact that the insured reasonably protected the property from further damage as provided by the terms of the policy, and that, under the circumstances, she is not responsible for the theft of a small amount of the damaged property, and further that the amount stolen is of very little value, and can and will be deducted from the amount of recovery.

In the answer there was the further defense that the property insured was vacant at the time of the fire, but there was no testimony to sustain that allegation. Neither was there any testimony tending to sustain the allegation of the answer that the insured burned or caused the property to be burned.

I am therefore of the opinion that plaintiff is entitled to recover for the loss and damage of the insured property burned and damaged.

I have carefully reviewed over and over again the record in this case as to the values that are reasonably to be recovered, and from the evidence I am impressed that the building was not of the best; one of the expert witnesses stated that the brick veneer on the building had originally as it was built been made to conform to uneven side walls. I cannot bring myself to believe that it would have been necessary to entirely rebuild the building in order to repair the loss and damage to the building. Just how much of the building is capable of being repaired, and therefore not necessary to rebuild, it is not easy to ascertain from the testimony in the case. The burden is upon the plaintiff, however, to establish her loss, and I am therefore compelled to reduce the fire loss far below the claims of the plaintiff. In fixing the amount, I cannot quite bring myself to believe that the testimony of the defendants shall be accepted without reserve or modification. Rather I have taken the testimony of all the witnesses and applied the portion that appeals to me, and have arrived at the following conclusion: That plaintiff is entitled to recover for the loss of the personal property, exclusive of the property that was stolen, the sum of $1,900.

However, I am convinced that $3,300 will compensate plaintiff for such loss and damage to the building, and you may therefore prepare proper findings of fact, conclusions of law, and order for judgment, apportioning the same between the policies involved in this suit and the third policy that is referred to in the stipulation found in the record, the latter covering only the furniture, and forward same to me, allowing the defendants proper exceptions.