## NIAGARA FIRE INS. CO. v. POSPISIL.*
### No. 8873.

Circuit Court of Appeals, Eighth Circuit.
Sept. 8, 1931.

*For opinion denying rehearing, see — F.(2d) —.

L. E. Waggoner, of Sioux Falls, S. D., for appellant.

C. C. Puckett, of Tyndall, S. D. (J. L. Quinn and F. D. Wicks, both of Scotland, S. D., on the brief), for appellee.

Before KENYON and BOOTH, Circuit Judges, and OTIS, District Judge.

OTIS, District Judge.

The appeal here is from a judgment against appellant in a suit to recover on a policy of fire insurance covering a certain building, and personal property contained in it located at Tyndall, S. D. The building and personal property were partially destroyed by fire January 23, 1927.

Inter alia the policy contained the following provision: "If fire occur the insured shall give immediate notice of any loss thereby in writing to this company, protect the property from further damage, forthwith separate the damaged from the undamaged personal property, put it in the best possible order, make a complete inventory of the same, stating the quantity and cost of each article and the amount claimed therein; and within sixty days after the fire, unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and origin of the fire; the interest of the insured and all others in the property; the cash value of each item thereof and the amount of loss thereon; all incumbrances thereon, all other insurance, whether valid or not, covering any of said property; and a copy of all the descriptions and schedules in all policies; any changes in the title, use, occupation, location, possession or exposures of said property since the issuing of this policy; by whom and for what purpose any building herein described and the several parts thereof were occupied at the time of the fire; and furnish, if required, verified plans and specifications of any building, fixtures, or machinery destroyed or damaged; and shall also, if required, furnish a certificate of the magistrate or notary public (not interested in the claim as a creditor or otherwise, nor related to the insured) living nearest the place of fire, stating that he has examined the circumstances and believes the insured has (honestly) sustained loss to the amount that such magistrate or notary public shall certify."

This provision was followed by: "No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity, until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire."

Notwithstanding the provision of the policy that "within sixty days after the fire" the insured shall make proofs of loss and furnish the other information required by the provision, the insured, being the appellee in this court, did not make the required proofs of loss nor furnish the called for information

until August 26, 1927, more than seven months after the fire.

A single question is presented by this appeal: Is compliance, within the time limited, with such a policy provision as the one set out, a condition precedent to recovery on the policy?

 1. Unless the question is affected by a South Dakota statute hereafter to be considered, its answer depends on the intention of the parties as that intention is disclosed in the language used by them. "Contracts of insurance are contracts of indemnity upon the terms and conditions specified in the policy or policies embodying the agreement of the parties. For a comparatively small consideration the insurer undertakes to guarantee the insured against loss or damage, upon the terms and conditions agreed upon, and upon no other, and, when called upon to pay in case of loss, the insurer, therefore, may justly insist upon the fulfillment of these terms. If the insured cannot bring himself within the conditions of the policy, he is not entitled to recover for the loss." Imperial Fire Ins. Co. v. Coos County, 151 U. S. 452, 462, 14 S. Ct. 379, 381, 38 L. Ed. 231.

Here is no ambiguity. The insured agreed and is bound by his agreement that "no suit or action" on the policy "shall be maintainable in any court * * * until after full compliance with" the requirements set out. An essential part of the requirements is the sixty-day provision. Certainly there is not full compliance with the requirements if proofs of loss are furnished, not sixty days, but seven months, after a fire.

It is very frankly admitted by counsel for appellee in their brief that the great weight of authority in the federal courts supports the doctrine that compliance with such a time provision as that involved in this case is a condition precedent to recovery. And it is true that such is the weight of authority. Indeed we have found no decision of any federal court supporting the opposite view, and none has been cited. We do not find, however, that the precise question has been passed on either by the Supreme Court or this court.

The same question was involved in Harris v. North British & Mercantile Ins. Co., 30 F.(2d) 94, 95 (certiorari denied April 15, 1929, 279 U. S. 852, 49 S. Ct. 348, 73 L. Ed. 995), in which the Circuit Court of Appeals for the Fifth circuit followed the prevailing view in the federal courts. The court said: "But the insured agreed to a requirement that he would make proof of loss within 60 days after a fire, and that no action on the policy should be sustained until after full compliance with that requirement. In other words, there was a contractual limitation of time upon the right to make proof of loss as well as upon the right to maintain suit. That limitation is not attacked as unreasonable, and does not appear to be so. It was impossible for the insured to show 'full compliance' with the requirement as to proof of loss after 60 days had elapsed from the date of the fire; for time of compliance was made an essential element of the requirement."

 There appears to be no other federal appellate court decision dealing with this question in connection with a fire insurance policy. Other federal decisions directly in point are of Circuit and District Courts. The first of these chronologically is Missouri Pacific Railway Co. v. Western Assurance Co. (C. C.) 129 F. 610. Later cases, among others, are San Francisco Savings Union et al. v. Western Assurance Co. (C. C. Cal.) 157 F. 695, and Bank of South Jacksonville v. Hartford Fire Insurance Co. (D. C. Fla.) 1 F. (2d) 43. Most of the federal cases, including the Harris Case, supra, cite and adopt the reasoning of the Circuit Court for the District of Kansas in the Missouri Pacific Railway Case, which therefore may properly be characterized as the pioneer or leading case with reference to the question here so far as fire insurance policies are concerned. That case goes for authority to the decision of the Supreme Court in Imperial Insurance Co. v. Coos County, supra, wherein the Supreme Court said that "the compliance of the assured with the terms of the contract is a condition precedent to the right of recovery. If the assured has violated or has failed to perform the conditions of the contract, and such violation or want of performance has not been waived by the insurer, then the assured cannot recover." And while that case concerned particularly a policy provision violation of which voided the policy, its reasoning is equally applicable to a provision nonperformance of which does not void the policy but precludes suit upon it. The principle is that the parties are bound by the agreement they have made, that "the courts may not make a contract for the parties. Their function and duty consist simply in enforcing and carrying out the one actually made."

It was said by this court in Callen v. Massachusetts Protective Association (8 C. C. A.) 24 F.(2d) 694, 695, a suit on a pol-

icy of life insurance· in which there was a provision requiring proof of loss within ninety days: "This is a valid provision of the policy, and compliance therewith is a condition precedent to the enforcement of the policy." Nor was that language dictum only. It was essential to the decision of the case. Compliance with a provision of like nature was said by the Circuit Court of Appeals for the Third Circuit to be a condition precedent to recovery in a suit on a policy of accident insurance. Metropolitan Casualty Ins. Co. v. Johnston, 247 F. 65, 7 A. L. R. 175. The Circuit Court of Appeals for the ·Sixth Circuit ruled similarly in Maryland Casualty Co. v. Massey, 38 F.(2d) 724, 71 A. L. R. 1428. See, also, Wachovia Bank & Trust Co. v. Independence Indemnity Co. (4 C. C. A.) 37 F.(2d) 550.

■ Clearly then the prevailing doctrine in force in the federal ·courts makes compliance with such a provision as that under discussion here a condition precedent to recovery, at least in the absence of a showing that the time limitation is unreasonable. It is unnecessary to consider the conflicting views of various state courts on the subject. The question is one of general law as to which federal courts are not bound by state decisions even of the highest court of that state in which the ·contract was made. Ætna Life Insurance Co. v. Moore, Adm'r, 231 U. S. 543, 34 S. Ct. 186, 58 L. Ed. 356.

It is contended by appellee that there is some ambiguity in the provision of this policy that "no suit or action, for the recovery of any claim, shall be sustainable · in any court of law or equity, until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire." The word "until," so it is said, is not as inexorable as the word "unless" would have been, but suggests that, notwithstanding the time limitation and failure to act within it, suit still may be instituted. We are not impressed by this contention. It robs the limitation as to time within which proofs of loss must be made of any significance whatever.

■ 2. Finally it is contended that whatever otherwise would be the result a South Dakota statute (section 888, Revised Code 1919, South Dakota) enters into this contract and· takes away from the time limitation in the provision under discussion its natural effect. That statute provides that "time is never considered as of the essence of a contract, unless by its terms expressly so provided."

Because of that statute, the District Court held that compliance within the sixty-day provision was not a condition precedent to recovery. 35 F.(2d) 213.

It is true that this statute does enter into and become a part of every South Dakota contract made after its enactment and it must be given that construction and effect which ͺhas been given it by the Supreme Court· of that state. It has been several times construed by that court. Repeatedly that court has held that this statute does not require that the very words, "time is of the essence of this contract," must be incorporated in the contract in order that time may be considered as of the essence. Thus it was said in Phillis v. Gross, 32 S. D. 438, 143 N. W. 373, 378 (in· that case the clause was present in the contract), that "it has recently been held by this court that whether or not time is to be considered as of the essence of a contract depends upon the intention of the parties thereto and the object to be attained by the contract, rather than upon the express declaration of the parties contained therein."

And it was said in Western Town Site Co. v. Lamro Town Site Co. et al., 31 S. D. 47, 139 N. W. 777, 779, construing this statute, that, "unless it plainly appears that the object and purpose of the contract depends upon its being performed by a given date, time will never be construed to be of the essence of the contract." It is further said in the same case, quoting 9 Cyc. 605, that the rule for determining whether time is of the essence of the contract depends upon "whether, in fact, the performance of the contract by one party was meant to depend· upon the other's promise being fulfilled by the day named therefor, or whether a day was named merely in order to secure performance within a reasonable time."

Let· us apply that rule to the language used by the parties in this contract. Was it the intention that a suit could not be maintained upon the contract if proofs were not served within sixty days after loss or was the definite time limitation inserted in the contract only to indicate that proofs of loss should be served within a reasonable time. Our view is that the. first of these two interpretations is the only possible meaning to be given to the plain words employed. But, if there could be any doubt about it, that doubt is certainly removed by the further language in the provision that, "unless such time is extended in writing by this company," the proofs must be served within sixty days.

The obvious significance of this clause is to emphasize the vital nature of the time limitation. If it was intended by the parties that the time limitation should have that elasticity which the second of the two suggested interpretations would give it, then it was self-expanding. But the parties agreed not only that the circumstances might not expand it beyond sixty days to whatever might be held was a reasonable time, but that the parties themselves would extend it only by formal writing. It was the intention of the parties that compliance with this provision should be essential to recovery on the contract. The time limitation was of the essence of the contract. Within the meaning of the South Dakota statute, as construed by the Supreme Court of South Dakota, that intention was expressly indicated by the language used.

The judgment of the District Court should be and is reversed.